## WHITAKER v. McLEAN.

### No. 7573.

United States Court of Appeals for the
District of Columbia.

Decided Feb. 24, 1941.

Norman T. Whitaker, pro se.

Nelson T. Hartson, Edmund L. Jones, and Howard Boyd, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Justices.

## PER CURIAM.

In a colloquy with counsel, during the trial though in the absence of the jury, the judge who tried this case made remarks which caused the plaintiff's attorney to express the opinion that he could not very well go on because the judge's remarks evidenced bias and prejudice. At the conclusion of the colloquy, the trial proceeded, and at the close of the testimony, the judge directed a verdict for the defendant. The plaintiff appeals.

The judge may, as indeed he insisted, have felt no hostility to the plaintiff, and in that view he was, subjectively, free from bias. But bias must be considered objectively. Few, if any, judges would make the reported remarks, in the course of a trial, unless they had developed definite and positive hostility to plaintiff and his case. Hostility is a form of bias. When a judge has shown bias before trial, Section 21 of the Judicial Code, 28 U.S.C. A. § 25, provides means of disqualifying him. The policy underlying Section 21 is that the courts of the United States "shall not only be impartial in the controversies submitted to them but shall give assurance that they are impartial"; i. e., shall appear to be impartial. Berger v. United States, 255 U.S. 22, 36, 41 S.Ct. 230, 234, 65 L.Ed. 481. A bias which develops during the trial and is "grounded on the evidence" has been held not to be within the terms of Section 21. Craven v. United States, 1 Cir., 22 F.2d 605, certiorari denied 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739. Often some degree of bias develops inevitably during a trial. Judges cannot be forbidden to feel sympathy or aversion for one party or the other. Mild expressions of feeling are as hard to avoid as the feeling itself. But a right to be tried by a judge who is reasonably free from bias is a part of the fundamental right to a fair trial. If, before a case is over, a judge's bias appears to have become overpowering, we think it disqualifies him. It follows that the judgment must be reversed. This is the more regrettable because it is our impression, based on an examination of the record, that the claim on which the plaintiff sued was probably without merit.

Reversed and remanded.