## COATES v. UNITED STATES.

### No. 10547.

United States Court of Appeals
District of Columbia Circuit.

Submitted Oct. 3, 1950.

Decided Oct. 16, 1950.

Joseph Sitnick and Harold F. Hawken, Washington, D. C., submitted on the brief for appellant.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., and John C. Conliff, Asst. U. S. Atty., Washington, D. C., were on the brief, submitted on the brief for appellee.

Before CLARK, BAZELON, and FAHY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction in the United States District Court for the District of Columbia for violation of sections 1 and 2 of the Harrison Anti-Narcotic Act, 26 U.S.C.A. §§ 2553(a) and 2554(a), and of section 2 of the Jones-Miller Act, 21 U.S.C.A. § 174. The three-count indictment charges the accused, in substance, with dispensing a heroin mixture not in or from the original stamped package (§ 2553(a)), selling such a mixture not in pursuance of a written order (§ 2554(a)), and facilitating the concealment and sale of such a mixture knowing that it had been illegally imported (§ 2). The grounds relied upon for reversal are that there was insufficient evidence to go to the jury and that the instructions to the jury were inadequate. We have examined the evidence in the record and find it sufficient to support the jury's verdict. We have also examined the instructions to the jury. The essentials of the offenses charged and of the law governing the jury's consideration of the case were given. Furthermore, at the close of his charge the Court asked," Is there any charge that counsel thinks I ought to give, that I have not covered?" To this the appellant replied in the negative. If more had been desired, the Court should have been requested to that end. While under Rule 52 (b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., plain errors or defects affecting substantial rights may be noticed, although they were not brought to the attention of the court, the situation presented does not call for invocation of this rule. The judgment is

Affirmed.