**FORD v. SPIVEY et al.**

No. 1028.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 26, 1951.

Decided March 22, 1951.

Dorsey K. Offutt, Washington, D. C., with whom Charlotte Maskey, Washington, D. C., on the brief, for appellant.

Joseph Lapiana, Jr., Washington, D. C., with whom Joseph G. Weeda, Washington, D. C., on the brief, for appellee Spivey.

Louis Ginberg, Washington, D. C., for appellees Vernon and Campbell.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Spivey sued Vernon and Campbell alleging that they owed him $1125 on the unpaid sale price of $3500 for a fruit stand business. Answering the complaint, Vernon and Campbell alleged that they had an earlier agreement to buy the business from one Ford and demanded that he be made a party. This was done and in his answer Ford set up a claim that he owned the business as a purchaser from Spivey and had contracted to sell it to Vernon and Campbell, and he claimed the right to all of the sale money over and above $2064.74, which he conceded he owed to Spivey. He also set up a counterclaim of $435.26 against Spivey and Vernon and Campbell. The trial was without a jury, and the trial judge ordered a finding for plaintiff Spivey for $1000 against Vernon and Campbell

only, allowed no affirmative recovery against Ford, and disallowed Ford's counterclaim. Ford has appealed.

■ The major portion of his argument is addressed to the proposition that Spivey was barred from recovery under the Statute of Frauds.[1] We note however that he did not raise the point in the trial court, either in his pleadings or by motion or otherwise at any stage of the trial; he raised it for the first time on his motion for new trial. This was too late. The well-settled rule, which we have stated at least twice, is that counsel "cannot be permitted to make the motion for new trial a vehicle for asserting objections retroactively or for grounding an appeal on a theory never presented during the trial." Atchison & Keller v. Taylor, D.C.Mun.App., 51 A.2d 297, 298; Germaine v. Cramer, D.C.Mun. App., 65 A.2d 573.

■ Another contention made by appellant is that the trial judge "abused his discretion" and ruled incorrectly in accepting plaintiff's version and rejecting defendant's version of the transactions between them. There is no substance to the contention. The case turned on issues of fact and there was evidence from which the judge could rightly say that Ford, being in default in. his payments, had abandoned or surrendered the business to Spivey and that Spivey was entirely within his rights in reselling the business to Vernon and Campbell. The evidence also supported a finding that neither Spivey, Vernon or Campbell owed anything to Ford.

■ In another assignment of error appellant says that the trial judge "discounted and prevented cross examination" of plaintiff Spivey. In his argument however he concedes that the judge "did not curtail the cross-examination on a vital point," but by his comments "vitiated any purpose or desirability of further cross-examination on the critical issue." The record does not support appellant in this contention. We find nothing in anything said by the judge or in any ruling made by him to "vitiate" or otherwise interfere with appellant's right of cross-examination. The comments of which he complains were directed to counsel for Vernon and Campbell and in no way affected Ford's cross-examination of Spivey. Other errors were also assigned, some of which were not briefed or argued. None of them would justify a reversal.

Affirmed.

**1.** He cites Code, Sections 12–304, 28–1101, 28–1104, 28–1703.