## CAVALIER v. WEINSTEIN.
### No. 1054.

Municipal Court of Appeals for the District of Columbia.

Argued April 30, 1951.

Decided May 15, 1951.

Harry Kay, Washington, D. C. (Milton M. Burke, Washington, D. C., on the brief), for appellant.

Sol M. Alpher, Washington, D. C. (Louis E. Spiegler, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Judges.

CAYTON, Chief Judge. .

In this case Abe Weinstein sued Wolf Cavalier for breach of a contract of employment. His claim was that on September 13, 1948 defendant employed him as a furrier for a period of one year at an agreed salary of $125 per week. He charged that he entered and continued upon his employment. until February 7, 1949 when defendant refused to accept his services. Trial was by jury and resulted in

3. Custer v. Atlantic & Pacific Tea Co., D.C.Mun.App., 43 A.2d 716.

a verdict for plaintiff for $2044, which represented the amount of plaintiff's claim less certain deductions for salary he had earned elsewhere during the period involved. By voluntary remittitur, the jury's award was reduced to $1914 and after motion for new trial was argued and overruled judgment was entered in favor of plaintiff for that amount. The case is here on defendant's appeal.

It is argued by appellant that there should have been a directed verdict in his favor because the evidence did not establish a contract for a full year's employment. As to this we rule that there was ample evidence from which the jury could have found that there was a clear and express agreement between the parties under which plaintiff was assured of employment for a full year. A directed verdict would not have been proper.

Appellant says the trial judge erred in failing to charge the jury on the theory of mitigation of damages in connection with his alleged offer to reemploy the plaintiff. But the transcript shows that the judge twice covered that question in his charge, though in a rather general way. Appellant says there should have been an instruction to the effect that plaintiff was under a duty to go back to work for him because he had offered to take him back some four weeks after he was laid off. As to this we note first that there was no clear evidence that such an offer was made. Quite equivocally appellant testified that he told plaintiff, " 'you see that there is no work upstairs; there isn't a thing doing,' I says, 'I'll appreciate it very much if you will take four weeks off, maybe not that many weeks, but let's figure on four weeks and I'll try my best to accumulate work again so you can return again in four weeks.' " It is plain that this cannot be called an offer of reemployment. We note also that if any instruction on this subject was offered, it was not included in the record; so that we cannot say whether the trial judge was right or wrong in refusing it, if refuse it he did. Furthermore the judge after completing his charge invited suggestions from counsel and none were forthcoming on this subject. This assignment of error cannot be sustained.

Further criticizing the judge's charge appellant says that an instruction on mutuality of obligation and anticipatory breach was given in language too technical for the jury to understand. Again however the record does not show what instructions, if any, appellant offered on the subject or how the judge ruled thereon. Nor was this matter brought up at a bench conference after the charge was completed and the case was about to be given to the jury.

We are also asked to rule that the trial judge should have granted a motion for a new trial based on the ground that the statute of frauds prevented a recovery because the contract, a verbal one, was "not to be performed within the space of one year from the making thereof". Code 1940, § 12–302. Appellant knew or should have known of this potential defense long before trial, if not indeed before pleading to the complaint, for he himself had moved for a bill of particulars demanding that plaintiff reveal among other things whether the agreement was written or verbal. Responding to such motion, plaintiff filed a bill of particulars reciting that he was claiming under a "parol agreement." And yet appellant never mentioned the statute of frauds in his pleadings or during the trial. He raised the defense for the first time on his motion for new trial. This was too late. As we have said at least three times, counsel "cannot be permitted to make the motion for new trial a vehicle for asserting objections retroactively or for grounding an appeal on a theory never presented during the trial." Ford v. Spivey, D.C.Mun.App., 79 A.2d 565, 566; Atchison & Keller v. Taylor, D.C.Mun.App., 51 A.2d 297; Germaine v. Cramer, D.C. Mun.App., 65 A.2d 573.

The record revealing no error in connection with the matters above discussed, or in connection with other errors assigned, the judgment of the trial court will be

Affirmed.