**JOHNSON v. HAWKINS.**

No. 1048.

Municipal Court of Appeals
District of Columbia.

April 23, 1951.

June 1, 1951.

Herman Miller, Washington, D. C., for appellant.

William P. Bell, Washington, D. C. (John C. Poole and Dudley G. Skinker, Washington, D. C. on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Judges.

CAYTON, Chief Judge.

Suing for possession of an apartment a landlord alleged non-payment of rent for the months of June through September 1950. He did not seek a money judgment for such rent in arrears. Tenant filed an answer and counterclaim alleging that he owed nothing except September rent and that this had not been paid because he had a claim for statutory double damages based on rent overcharges during a 15½ months period and based also on a failure to maintain a minimum-service standard. For these violations of the Rent Act, Code 1940, Supp. VII, § 45–1610, he demanded a total of $1534.50 plus an attorney's fee.

There was a trial by the court sitting without a jury. Judgment was entered for the tenant for $914.50 rent overcharge, $50 for violation of the minimum-service standard, and $75 attorney's fee. There was no finding for landlord for possession and no finding that any rent was owing. Landlord appeals.

His first contention is that the trial court had no jurisdiction to entertain the counterclaim because no money demand had been included in plaintiff's suit. He cites our decision in Zindler v. Buchanon, D.C. Mun.App., 61 A.2d 616, 618. But neither in that decision nor in Lalekos v. Manset, D.C.Mun.App., 47 A.2d 617, which we there cited did we say or even intimate that the Municipal Court has no jurisdiction to hear and decide such a counterclaim. We said only, "In such a case, while appellant was entitled to set up an equitable defense or claim by way of recoupment, this was the limit of her remedy in this action."

In a later case, Bellmore v. Baum, D.C. Mun.App., 68 A.2d 588, 591, we did hold that jurisdiction was lacking to hear a counterclaim because the original suit was on a ground *other* than non-payment of rent and hence was barred by Landlord and Tenant Rule 4(c). That Rule provides: "In suits in this Branch for recovery of possession of property, no counterclaim, cross claim, or claim by way of recoupment shall be set up therein, except where the basis of recovery of possession is non-payment of rent, but the exclusion of prosecution of said claims in this Branch shall be without prejudice to the prosecution of said claims in other Branches of the Court."

It is plain from this Rule that in suits for possession which *are* based on non-payment of rent, as distinguished from suits based on other grounds, counterclaims may properly be entertained. This was such a case. Appellant cites neither decision nor statute setting up the jurisdictional barrier on which he relies. Since the point is not jurisdictional, we rule that appellant waived it by not making a timely challenge of the counterclaim in the trial court. He did not move to dismiss the counterclaim; nor did he object to the evidence offered in support thereof. Instead he joined issue thereon by offering evidence and submitting the controversy for decision. He made his challenge of the counterclaim for the first time on his motion for new trial. This, as we have several times ruled, was too late. Cavalier v. Weinstein, D.C.Mun.App., 80 A.2d 918, and cases there cited.

Appellant's next contention is that because of extensive repair work he had done on the premises, defendant's apartment became new housing accommodations as a matter of law under the ruling in Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844, 847. The trial judge ruled otherwise and we cannot say he was wrong. In the Delsnider case the court said: "The question whether the housing accommodations involved are new ones not rented on the critical date, or are old ones with substantial capital improvements or alterations, is a question of fact, which, in an

action such as that at bar, must, unless the evidence is compelling one way or the other, be decided by the jury."

Appellant landlord presses upon us the argument that because his evidence was uncontradicted, it was so "compelling" as to entitle him to a ruling that the premises had become new housing accommodations as a matter of law. But we note that very recently the United States Court of Appeals in discussing the effect of uncontradicted testimony had this to say: "We must recognize that the trial judge may disregard the testimony of a particular witness 'even in the absence of any direct conflicting testimony. He [the witness] may be contradicted by the facts he states as completely as by direct adverse testimony; and there may be so many omissions in his account of particular transactions, or of his own conduct, as to discredit his whole story. His manner, too, of testifying may give rise to doubts of his sincerity, and create the impression that he is giving a wrong coloring to material facts. All these things may properly be considered in determining the weight which should be given to his statements, although there be no adverse verbal testimony adduced.' " Wynne v. Boone, D.C.Cir., —— F.2d ——, citing Quock Ting v. United States, 140 U.S. 417, 420, 11 S.Ct. 733, 851, 35 L.Ed. 501.

The quoted language aptly fits the situation before us. The testimony was long and involved and we shall not attempt to recite or summarize it. Plaintiff claimed to have done extensive repairs, remodeling and decorating on the premises for which he said he spent some $5000, and also claimed to have furnished the premises at a cost of about $1500. In the testimony of the plaintiff there were discrepancies, uncertainties, and even self-contradictions. He did not see fit to produce any of the contractors or workmen he claimed to have employed on the job or even to offer any of their bills or receipts, or any of his own canceled checks. As to the particular apartment occupied by defendant, the evidence showed no more than that the walls had been plastered and papered, the floors and some of the joists were fixed, and a refrigerator was added. Plaintiff once stated that a partition had been removed from one room—though other parts of his testimony left this in doubt. We conclude that the evidence was not so compelling as to require the trial judge to rule that a case of new housing accommodations had been made out as a matter of law.

Appellant claims that he should have been given credit for August 1950 rent which he says was not paid. But his counsel stipulated in open court "that if a check dated during the month of August, 1950, endorsed by the plaintiff in the sum of $70.00, was presented to the Court that this check would be entered into evidence and allowed as proof of payment of the August, 1950 rent." Such a check was produced, and appellant being bound by the stipulation, the August rent must be considered as paid.

It is conceded that rent for September 1950 was not paid, that plaintiff is entitled to credit therefor, and that the judgment should be modified accordingly. So modified, the judgment will be

Affirmed.