## LYONS v. SOCKWELL.
### No. 1258.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 15, 1952.

Decided Oct. 17, 1952.

Joseph A. Barry, Washington, D. C., for appellant.

J. Lawrence Hall, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This is an appeal by a plaintiff from an adverse judgment in an automobile collision case. The judgment was entered after a non-jury trial and was based on a finding that plaintiff had been contributorily negligent.

■ Challenging that finding appellant says it was contrary to the evidence, the weight of the evidence, and the law. No purpose would be served by detailing the evidence. The collision happened at 6 a. m. at a downtown intersection which was then uncontrolled. There were three witnesses, plaintiff and his wife, and defendant; and diagrams were drawn on a blackboard and demonstrations made thereon. The testimony was marked by conflicting versions and included estimates as to relative speeds and distances, point of impact and opportunity of each of the drivers to see the other and avoid the collision. Taking the evidence as a whole it turned entirely on factual issues. We cannot say that the trial judge was wrong in finding both drivers negligent.

■ Appellant's second contention is that the trial judge "erred in pretrying this action before trying the facts and law in open court" and in forming an opinion in advance as to the merits of the case. As to this contention the agreed statement of evidence recites:

"Before going to trial, the Trial Court called counsel into chambers. The Trial Court read the pleadings * * * asked what damages were claimed and was shown an estimate

* * * and whether or not there had been any settlement negotiations, and was advised that the defendant offered $300 and plaintiff wanted $500. The Trial Court then asked counsel the location of the accident, the respective directions of the vehicles involved, whether or not the intersection was controlled by a traffic signal, whether there were witnesses, and the severity of personal injuries. The Court said that it was a close case and could go either way, mentioning that plaintiff might easily come off with nothing and suggested that counsel for the plaintiff discuss again with plaintiff the advisability of settling. Counsel for plaintiff left chambers for several minutes and on his return stated to the Trial Court that plaintiff would not reduce his demand."

First we note that this was not really a "pretrial" of the case as contemplated by Municipal Court Rule 16. It was nothing more than an informal attempt by the trial judge to conciliate the case and bring about a compromise settlement satisfactory to both parties. In this there was nothing improper.

 But appellant complains of another incident occurring during the trial itself. It seems that during the course of plaintiff's case the judge called counsel to the bench and directed attention to the fact that the repair bill showed damage to the right side of plaintiff's car whereas the oral testimony was that the car had been struck on the left side. After counsel stated that there would be further testimony on that point, "The Court said that if counsel did not want to discuss settlement any further with his client in view of the Court's calling his attention to the point, it made no difference to the Court."

This remark of the trial judge was unfortunate. If he was merely attempting to clear up inconsistencies in the evidence no one could complain. But to accompany that attempt by a side remark about counsel's unwillingness to discuss settlement was not conducive to that atmosphere of absolute fairness which should surround every trial. This is especially true when a judge is sitting without a jury, and has the responsibility of deciding the whole case, on the facts as well as the law. By a patient and temperate effort at conciliation a judge may frequently help achieve friendly settlements and save the time involved in a trial. But a judge must never adopt an approach so insistent as to embarrass counsel or their clients.

Our question here is whether the episodes mentioned justify appellant's contention that his case was prejudged or that he was denied an impartial trial. As we said just a few days ago, a trial court has no right to force a settlement on a party who wants his case tried; but there is nothing wrong or irregular in suggesting the advisability of settlement. Washington v. Sterling, D. C.Mun.App., 91 A.2d 844. What we said in that case is directly applicable here: "We cannot infer from the trial court's two suggestions of settlement an implied threat that if the tenant did not accept the suggestion the whole case would be decided against her." The record before us would not support any inference that plaintiff's refusal to settle injured his cause in the mind of the presiding judge. He was given a full opportunity to present his evidence and argue his position, and no rights of his were in any way prejudiced.

 Finally we note that appellant at no time during the trial protested against any supposed unfairness in the conduct or attitude of the judge. He raised the question for the first time on his motion for new trial. In other situations we have held that this is too late. Cavalier v. Weinstein, D. C.Mun.App., 80 A.2d 918; Riss & Co. v. Feldman, D.C.Mun.App., 79 A.2d 566; Ford v. Spivey, D.C.Mun.App., 79 A.2d 565.

Even in a delicate situation of this kind, protest of unfairness should have been made during the trial. Then, if the matter were serious enough and if the decision were shown to have been tainted by bias or prejudice we assume the trial court would have granted a new trial; or on appeal we would do so. But from what we have said above there is no such taint in the judgment.

Affirmed.