James E. WRIGHT, Appellant,

v.

Floyd. B. MATHIAS, Appellee.

No. 1867.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 29, 1956.

Decided Jan. 14, 1957.

John J. Donnelly, Washington, D. C., with whom Margaret H. Earley, Washington, D. C., was on the brief, for appellant.

Robert. B. Mathias, Mt. Rainer, Md., of the Bar of the State of Maryland, *pro hac vice,* by special leave of court, with whom Kermit L. Sharff, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, a real-estate salesman, sued defendant, a real-estate broker, for the balance due on a series of twenty-three commissions allegedly earned while in his employ. In his complaint plaintiff detailed each transaction and the sum still owing. The answer was a general denial, whereupon plaintiff, by a request for admissions, elicited information that only eight commissions were actually disputed by defendant. In this posture the case went to trial, without a jury, and plaintiff moved that the answer be stricken because the admissions showed that a general denial should not have been filed in view of the fact that all the transactions were not controverted and thus the pleading violated a rule of the trial court.[1] The motion was denied and defendant was permitted to file an amended answer. Plaintiff then moved that the amended answer be stricken because it was not signed by defendant's counsel;[2] this motion was also denied. After hearing the court found for plaintiff in an amount much less than the claimed amount.

At the outset plaintiff urges reversal because the trial court did not enforce the various rules which defendant had allegedly violated, nor did he grant plaintiff a hearing on his motion to secure enforcement. While, of course, the rules of the court are equally binding on judges and litigants, we are not unmindful of Rule 8(f) which requires all pleadings to be so construed as to do substantial justice and Rule 15 which directs the trial judge to grant leave to amend freely when justice so requires. Plaintiff contends that the general denial was interposed in retaliation against him because he did not agree to settlement, although defendant controverts this point. Certainly the trial court was aware of plaintiff's claims when he denied the motion. Thus, we are unable to hold that the trial court abused its discretion in denying plaintiff's motions.

Next, plaintiff contends that the trial court so aligned himself with defendant's case that he was denied a fair trial. In view of the seriousness of the charges, we have carefully reviewed the stenographic transcript and reach a different conclusion.

Plaintiff concedes that where the impartiality of the trial judge is questioned, the usual practice is for the party before trial to file an affidavit to that effect, requesting that the judge remove himself from the proceeding.[3] Such affidavit was

---

1. Municipal Court Civil Rules 8(b) and 11.

2. Rule 11.

3. Rule 66.

never filed in this case. Nevertheless, plaintiff claims that here the alleged bias and prejudice were not demonstrated until trial had begun; and that an appellate court has the power to reverse any judgment tainted by prejudice, citing Knapp v. Kinsey, 6 Cir., 1956, 232 F.2d 458. We agree that it is within the power of this court so to act.

It is fundamental that a fair trial in a fair tribunal is a basic requirement of due process. It follows that fairness requires an absence of actual bias in the trial of a case.[4] A judgment obtained in a trial in which the judge is demonstrably biased must be reversed even though the result is probably correct.[5] As stated by the court in the Knapp case, supra:

"* * * When the remarks of the judge during the course of a trial, or his manner of handling the trial, clearly indicate a hostility to one of the parties, or an unwarranted prejudgment of the merits of the case, or an alignment on the part of the Court with one of the parties for the purpose of furthering or supporting the contentions of such party, the judge indicates, whether consciously or not, a personal bias and prejudice which renders invalid any resulting judgment in favor of the party so favored. * * *" 232 F.2d at page 466.

In this case, however, we are unable to hold that the trial court exhibited any bias in favor of defendant. Counsel for plaintiff complains that he was barred from a conference relating to possible settlement which took place in the judge's chambers before trial, but his co-counsel was present and participated fully. Counsel for plaintiff does not suggest that he was in any way barred from full participation in the actual trial, or deprived of the right to present all his evidence. Plaintiff cites the various rulings of the court on his motions to compel adherence to the rules as indicative of bias; but it is well settled that adverse rulings alone cannot establish bias, especially since such rulings are always reviewable by this court.[6] Here there were no remarks by the judge which would show partiality to or alignment with the cause of defendant, such as were present in other cases.[7]

It is to be noted also that plaintiff, in addition to his failure to file the affidavit prescribed by Rule 66, at no time during the trial protested against any supposed unfairness in the conduct or attitude of the judge, and raised the question for the first time on appeal. In other situations similar to this we have held that this is too late.[8] Some indication or protest should have been made during the trial, or at least on a motion for a new trial, but no such motion was filed in this case.

But aside from these procedural steps, if this court, in reviewing the record, was satisfied that there was bias, it would not hesitate to grant a new trial. Failing to find such, the case must be affirmed.

Other errors alleged by appellant we regard as without merit.

Affirmed.

5. In re Murchison, 1955, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942.

5. Whitaker v. McLean, 1941, 73 App.D.C. 259, 118 F.2d 596.

6. Berger v. United States, 1921, 255 U.S. 22, 31, 41 S.Ct. 230, 65 L.Ed. 481; Knapp v. Kinsey, supra, 232 F.2d at page 466.

7. Gaddis v. Hongell, D.C.Mun.App.1955, 117 A.2d 230; Knapp v. Kinsey, supra.

8. Lyons v. Sockwell, D.C.Mun.App., 1952, 91 A.2d 847, 848, and cases cited therein.