**Fred C. HIPP and Pattie Y. Hipp, Appellants,**

**v.**

**Jesse O. DEDMON, Jr., Appellee.**

**No. 1913.**

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 17, 1956.

Decided Feb. 6, 1957.

Fred C. Hipp, appellant, pro se.

Wilbur W. Sewell, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants, husband and wife, were sued by appellee, a lawyer, for $200, the alleged value of certain legal services. Trial without a jury resulted in judgment for appellee for the full amount of his claim. Appellants, who appeared at trial and here without counsel, make a single assignment of error, stated in their brief as follows:

"The Trial Court erred in that it should have disqualified itself because of the personal relationship between the Trial Court and the Plaintiff. This relationship was not known at the time of the trial. However, certain occurrences related to the trial and discussed in the Argument caused the Defendant to make inquiry into the possible existence of this relationship."

There is nothing in the record indicating, directly or otherwise, any personal relationship between the trial court and the plaintiff (appellee), and if appellants made any inquiry into the possible existence of such relationship, the results of that inquiry are not disclosed.

Appellants, however, insist that one incident occurring during the trial demonstrates bias and prejudice on the part of the trial court. After appellee had presented his case and while appellant husband was conducting his defense, the court advised him that it would listen as long as was necessary if he confined himself to the issue in the case, and the court then made the following remark: "This sure is a little bit of money for so much work." Appellants say this remark implies that the court had reached a conclusion favorable to appellee before appellants had completed their evidence.

 "A right to be tried by a judge who is reasonably free from bias is a part of the fundamental right to a fair trial." Whitaker v. McLean, 73 App.D.C. 259, 118 F.2d 596. This is especially true when the judge is the trier of the facts, as was the case here, and in such a case we have ruled that the "judge should refrain from forming or expressing an opinion as to issues of fact until the case has been finally submitted to him." Gaddis v. Hongell, D.C. Mun.App., 117 A.2d 230, 232. And quite recently we stated that if review of a record convinces us of bias on the part of the trial judge, we will not hesitate to order a new trial. Wright v. Mathias, D. C.Mun.App., 128 A.2d 658.

In the instant case we are not satisfied that the remark of the judge discloses bias on his part. On the meager record before us it is not clear what brought forth the remark, but apparently it took place in a colloquy between the judge and appellant when the judge was attempting to confine appellant to the issues in the case. Whether the reasonable value of the services was an issue is not disclosed by the record. It would have been wiser and more proper for the judge to refrain from such remark until all the evidence was in, but on the record we are not convinced that the remark evidenced such bias as to warrant a new trial.

Affirmed.