**Alfred V. LOVE and John R. Murphy,
Appellants,**

v.

**UNITED STATES, Appellee.**

No. 2092.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 9, 1957.

Decided Feb. 13, 1958.

Carl Phillip Fogel, Washington, D. C., with whom Jules H. Stopak, Washington, D. C., was on the brief, for appellants.

Louis M. Kaplan, Asst. U. S. Atty., with whom Oliver Gasch, U. S. Atty., and Lewis

Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellants were convicted by a jury of obtaining by false pretenses several cases of beer from a local liquor dealer.[1] They ask this court to reverse their convictions upon two main grounds.

■ First, appellants contend that the trial judge's instructions to the jury on presumption of innocence and reasonable doubt were inadequate. We have examined the instructions and find that the law governing the jury's consideration of this case was sufficiently explained. Further, at the completion of the charge the court inquired if further instructions were desired, and appellants' counsel stated that he was satisfied. It is well settled that a party seeking appellate review of alleged erroneous instructions cannot raise them for the first time on appeal.[2] Such a requirement is sound and practical because it affords the court an opportunity to make any additions or corrections that may be desirable before the jury retires to consider its verdict. The rule, like other rules, has certain exceptions, and in applying it to various factual situations appellate courts have held that only when there is plain error affecting substantial rights will there be a review of instructions not timely objected to in the trial court. We hold that this case does not fall within the exception as we fail to see incompleteness to the extent of plain error affecting substantial rights.

■ Appellants' second contention is that the trial judge demonstrated a prejudicial attitude toward them during trial. This is a serious allegation. We have carefully reviewed the voluminous transcript of the trial, find there is no basis for this charge, and reject it. Appellants' counsel asked many questions, both on direct and cross-examination, which were irrelevant to the issues on trial, but which would possibly have laid a very good foundation for civil liability. Considerable confusion resulted, which the court attempted to alleviate. As we have stated before, it is the responsibility of the judge to admonish and rebuke counsel as the occasion may require in order to maintain the dignity of the court. In their brief, appellants cite several incidents that took place before the jury and at bench conferences which, when taken out of context, tend to reflect a prejudicial attitude on the part of the court. We note, however, that no protest against any supposed unfairness in the conduct or attitude of the judge was raised at trial or in the motion filed after verdict. In other words, these contentions are being raised for the first time on appeal. Some indication or protest should have been made during trial or at least on a motion for a new trial. In similar situations, we have held that this is too late.[3]

We have considered the other errors assigned and find that they are either without merit or totally unsupported by the record.

Affirmed.

1. Code 1951, § 22–1301 (Supp. V).

2. Wyche v. United States, 1951, 90 U.S. App.D.C. 67, 193 F.2d 703, certiorari denied 1952, 342 U.S. 943, 72 S.Ct. 556, 96 L.Ed. 702; Coates v. United States, 1950, 87 U.S.App.D.C. 330, 186 F.2d 338.

3. Hale v. United States, D.C.Mun.App. 1955, 114 A.2d 74; Lyons v. Sockwell, D.C.Mun.App.1952, 91 A.2d 847, and cases cited therein; Wright v. Mathias, D.C.Mun.App.1957, 128 A.2d 658.