Charles T. CARROLL, Appellant,

v.

Madeline CARROLL, Appellee.

No. 2402.

Municipal Court of Appeals for the District of Columbia.

Argued July 8, 1959.

Decided Sept. 18, 1959.

Albert J. Ahern, Jr., Washington, D. C., James J. Laughlin, Washington, D. C., on the brief, for appellant.

Edward A. Dragon, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Mrs. Carroll, appellee here, sued her husband for separate maintenance and custody of their minor children. At the commencement of the trial, and after an opening statement by the wife's attorney, the husband's attorney stated to the court: "As I view it now the issue is simply one of money: simply a question of how much Dr. Carroll makes and how much Mrs. Carroll should have." After both parties had testified at length the court announced that it would order the husband to pay $250 a month, but would continue the case for three months at which time there would be another hearing on the ability of the husband to pay. An order to that effect was signed on December 10, 1957. After making this oral announcement the court added:

"In the meantime if you people can agree on a settlement among yourselves and advise me I will sign any order that is agreeable to both of you."

On March 13, 1958, a final judgment for separate maintenance of $250 a month was entered. The judgment recited that it was consented to by both parties and that the defendant husband had waived findings of fact. Beneath the signature of the judge and below the caption "Consented to:" appears the signatures of counsel for both husband and wife.

Ten months later the husband, through new counsel, filed a motion to vacate the judgment and to certify the matter to another judge. The motion set forth two grounds: (1) that fair and adequate presentation of the facts with respect to certain aspects of the litigation had not been brought forth at trial, and (2) that throughout the trial extreme hostility to the husband had been exhibited by the trial judge. This appeal is from the denial of that motion.

Appellant's brief is addressed to a single point—his claim that throughout the trial the trial judge exhibited such hostility to appellant as to deprive him of due process and thereby rendered the judgment void. He relies upon Whitaker v. McLean, 73 App.D.C. 259, 118 F.2d 596; Peckham v. United States, 93 U.S.App.D.C. 136, 210 F.2d 693; and Offutt v. United States, 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11. We see no relevancy between those cases and the case here.

Even if we assume that some of the trial court's remarks in reference to appellant were injudicious, the single issue before the court was, as stated by appellant's then counsel, the amount of money appellant should be required to pay; and it is clearly evident that in fixing the amount the trial court was not swayed by any hostility or bias towards appellant. The trial court was concerned with the question of appellant's ability to pay the amount fixed, and in all fairness to appellant fixed the maintenance on a temporary basis and continued the case for three months for another hearing on his ability to pay. He was told to keep a record of his income during that period and produce it at the second hearing. He did not avail himself of the second hearing, but instead, went into court in March and consented to an order fixing the same amount fixed by the court in its December order. Thus appellant is here attacking an order which was entered with his express consent. No claim is made that his consent was induced by fraud, coercion or mistake, and we are unable to see any basis for the claim that the remarks of the trial judge at the December hearing in some way invalidated the March consent order.

Affirmed.