**MILES REALTY COMPANY, Appellant,**

v.

**Mary GARRETT, Appellee.**

**No. 6224.**

District of Columbia Court of Appeals.

Argued May 11, 1972.

Decided June 30, 1972.

Rehearing Denied July 25, 1972.

Bertrand H. Merwin, Washington, D. C., for appellant.

Ellen M. Scully, for appellee.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

FICKLING, Associate Judge:

On January 18, 1971, the landlord (appellant) filed in the Landlord and Tenant Branch of the trial court against the tenant (appellee) a suit for possession of certain premises based upon nonpayment of one month's rent. No claim for recovery of rent in arrears was made. On February 3, 1971, after a default had been set aside, the tenant filed an answer and counter-

claimed for damages to personal property due to flooding of the premises. A trial was held on October 5, 1971, at which time the landlord moved to amend his complaint to claim rent in arrears up to the date of trial. This motion was denied and the complaint was dismissed after the trial court found that the tenant had moved in August 1971. The trial court also refused to grant the landlord's motion to dismiss the tenant's counterclaim without giving any reasons.

At the conclusion of a nonjury trial on the counterclaim, the trial court found a breach of implied warranty of habitability and awarded the tenant $1,312.13 in damages to personalty, which included recoupment of the one month's rent which had been paid by the tenant when she moved into the premises in December 1970. However, there is no evidence nor finding as to whether the premises had any rental value during the nine months which the tenant resided there.

■ On procedural grounds a fair trial was denied. First, Rule 5(b) of the rules of the Landlord and Tenant Branch [1] does not permit the filing of a counterclaim for damages to the tenant's personalty. The tenant made no claim of payment of rent, or expenditures, or for equitable relief. Rather, her claim was for damages to her personalty caused by water in the apartment. The landlord made a timely motion to dismiss the counterclaim. *Compare* Johnson v. Hawkins, D.C.Mun.App., 81 A.2d 467, 468 (1951) (no timely objection to counterclaim). Therefore, the counterclaim should have been dismissed as improperly filed in the Landlord and Tenant Branch.

■ Second, although the landlord's motion to amend his complaint to claim rent in arrears was properly denied because the original suit for possession contained no claim for rent, Bell v. Tsintolas Realty Co., 139 U.S.App.D.C. 101, 105, 430 F.2d 474, 477–478 (1970); Paregol v. Smith, D.C. Mun.App., 103 A.2d 576, 578 (1954) nevertheless, in the circumstances of this case, he was denied a right to claim rent against the tenant's claim for damages.

We think, therefore, that it was unfair to permit the allowance of an impermissible counterclaim and, at the same time, deny an impermissible amendment to the complaint.

Reversed with instructions to dismiss the counterclaim without prejudice.

---

I. Super.Ct. L&T Rule 5:
    (b) COUNTERCLAIMS. In actions in this branch for recovery of possession of property in which the basis of recovery is nonpayment of rent or in which there is joined a claim for recovery of rent in arrears, the defendant may assert an equitable defense of recoupment or set-off or a counterclaim for a money judgment based on the payment of rent or on expenditures claimed as credits against rent or for equitable relief related to the premises. No other counterclaims, whether based on personal injury or otherwise, may be filed in this branch. . . . .