[Crim. No. 5184. Second Dist., Div. One. Aug. 17, 1954.]

THE PEOPLE, Respondent, v. CECIL ELWOOD HUMPHRIES, Appellant.

*Assigned by Chairman of Judicial Council.

132

Edward S. Cooper for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

DRAPEAU, J.—By information, defendant was charged with the crime of burglary and four prior convictions of felony. Trial by jury was duly waived and defendant was adjudged guilty as charged. The court found the crime to be burglary of the second degree and the allegations of prior convictions to be true.

From the judgment of conviction, defendant appeals.

By stipulation, the testimony given at the preliminary hearing was read into the record. From this it appears that when Attorney Barton left his office in the late afternoon of October 27, 1953, there was a dictascriber, or wire recording machine, on his desk. When he returned the next morning this was missing. He identified People's Exhibit 1 as the missing dictascriber.

Mr. Young, the owner of the building where the law offices were located, received a call from his maintenance man early in the morning of October 28th. Upon his arrival at the building, he found a window screen broken and papers strewn about his office. Other offices were in a state of disarray. In an open area at the rear, Mr. Young saw a typewriter belonging to one tenant and a typewriter cover which belonged to another tenant.

Mr. Irwin, the maintenance man, testified that when he reached the building on October 28th around 5:30 a. m., he met defendant coming from the rear carrying a typewriter.

When he questioned him, defendant told him he had found the typewriter. In an ensuing struggle, defendant broke away leaving the typewriter on the ground. This witness also testified that he caught defendant breaking into another office on October 12th, but that he got away. He identified defendant from a group of pictures shown to him.

Mr. Wilson, a deputy sheriff and qualified expert on fingerprinting, took defendant's fingerprints. He testified that the prints on cards from Folsom Prison, Nevada and Utah state prisons, and from the penitentiary at Leavenworth, Kansas, and those he had taken of defendant, were all fingerprints of the same person.

Mr. Wilburn testified he had known defendant for about three months prior to October 28th. At 6 in the morning of that day, defendant brought a dictascriber to the witness' home and told him he was going to pawn it. Mr. Wilburn was arrested at his home about 5 p. m. on October 28th by Officer Jones.

Officer Jones was called as a witness by defendant. He testified that he was on duty on October 28th when he went to the Wilburn house and that defendant was there present. Mr. Jones stated that he booked Wilburn on the 28th, that he did not have his arrest report or the booking slip with him in court, but that he had an independent recollection of the date.

Defendant was without counsel, and acted in his own behalf at the trial. He sought to impeach the testimony of the witness Wilburn, who apparently was taken into custody on suspicion of committing the burglary for which defendant was convicted. In order to do this, defendant wanted a copy of the statement made by said witness to the police officers while he was in custody. He particularly wanted to show that Wilburn told Officer Jones that the stolen dictascriber belonged to him (Wilburn).

After interrogating Officer Jones, defendant asked the trial judge if it would be possible to subpoena the booking slip. The judge replied he could see no reason for doing so, as it was not an official record of the police department. However, he did grant defendant a continuance in order that he might produce witnesses to show that he was elsewhere than at the scene of the crime on the morning of October 28th. When the case was called, defendant stated he had been unable to locate such witnesses.

Apparently, defendant sought the admission of the booking

slip and witness Wilburn's statement for the purpose of impeachment, and also to help establish an alibi.

Appellant urges error on the part of the trial court in refusing to order the production of the booking slip. He also contends that Officer Jones should have been required to answer questions on cross-examination regarding the statement made to him by Wilburn. This for the reason that the privilege of a public officer not to reveal confidential communications is strictly construed, and in this case had been waived.

In his opening brief appellant argues that in denying him the right to produce the booking slip and the statement of Wilburn, the court "had in mind section 1881, subdivision 5 of the Code of Civil Procedure."

There is nothing in the trial court's statement at the time the ruling was made which would indicate any intention to apply said section 1881, *supra,* to the situation. As pointed out by appellant, the court in denying his request to have the booking slip subpoenaed stated: "I see no reason for it, Mr. Humphries. It is not an official record of the police department. It has been so determined by the higher courts and it is not subject to subpoena duces tecum. . . ."

A similar contention was made in *People* v. *Gallardo,* 41 Cal.2d 57, 66-68 [257 P.2d 29] : "One question raised by defendants has not been previously decided in this state. A witness for the People testified on cross-examination that before she took the stand she had refreshed her memory by examining notes which she had made earlier. Defendants claim that it was prejudicial error for the court to refuse their request that she be ordered to produce the notes for inspection. Section 2047 of the Code of Civil Procedure provides that a witness may refresh his memory by use of a writing made under certain prescribed conditions and that 'in such case the writing must be produced and may be seen by the adverse party.' It has been held that a similar statute applies only to the conduct of the witness while on the stand and that it does not require him to produce a writing which he consulted prior to the time he testifies. . . . We agree with this interpretation. Section 2047 is a codification of the common law, and a majority of the jurisdictions applying that rule have held that production of notes for inspection may be compelled only where the witness uses them while on the stand and not where he refreshes his memory with them before being examined."

Again in *People* v. *Santora*, 51 Cal.App.2d 707, 712 [125 P.2d 606], it was said: "Finally it is argued that the court erred in refusing to permit appellant to examine a report made by a police officer relating to a conversation he had had with the complaining witness. The argument is based upon a misconception of the record. The report was confidential, was not admissible in evidence, and *had not been used by the witness to refresh his recollection. The witness merely stated that such a report had been prepared, and that he had it in his possession."* (Emphasis added.)

Officer Jones was appellant's witness and testified that he had an independent recollection of the events that transpired on October 28, 1953, the date of the alleged burglary.

Appellant's guilt was proved beyond a reasonable doubt and the trial was free of error.

For the reasons stated, the judgment of conviction is affirmed.

Doran, Acting P. J., and Mosk, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.