159 Cal.App.2d Supp. 848 (1958)
THE PEOPLE, Respondent,
v.
JULIUS H. SILBERSTEIN, Appellant.
California Court of Appeals. 
Mar. 20, 1958.
 Louis Licht and Paul P. Selvin for Appellant.
 Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Respondent.
 Before Bishop, P. J., Swain, J., and David, J.
 THE COURT.
 The defendant was convicted of violating Penal Code, section 647, subsection 5. Proceedings were suspended without imposition of sentence and probation was granted. The defendant appeals "from the judgment and sentence." [1] There was no "judgment" because no sentence was pronounced, but since an order granting probation has been made appealable it has been our practice to treat a notice of appeal such as the one before us as a notice of appeal from the order granting probation and to review the proceedings at the trial in like manner as on appeal from a judgment. People v. Minter (1955), 135 Cal.App.2d 838 [287 P.2d 196].
 A police officer was the only witness for the prosecution. His testimony, although in sharp conflict with that of the [159 Cal.App.2d Supp. 850] defendant, would be sufficient to sustain the judgment were it not for two errors which require a reversal. [2] The prosecution witness refreshed his memory in the courtroom, just before he took the witness stand, by reading his police report. On cross-examination of this witness, the court denied the defendant the right to inspect the report and to cross-examine the officer as to its contents. This error was prejudicial.
 People v. Gallardo (1953), 41 Cal.2d 57 [257 P.2d 29] (at page 67) holds that when a prosecution witness refers to a document before taking the stand, and the defense makes a showing that the document is in the possession of the People, that it was made by the witness, and is material, and that it contains inconsistent statements, the defendant is entitled to inspect it, whether or not it is to refresh his recollection. The opinion states (p. 67): "No such showing has been made in the present case." This rule paraphrases Gordon v. United States, 344 U.S. 414 [73 S.Ct. 369, 97 L.Ed. 447]. The Gordon case significantly has been reinterpreted by its parents in Jencks v. United States (1957), 353 U.S. 657 [77 S.Ct. 1007, 1 L.Ed. 2d 1103, 1111]. Code of Civil Procedure, section 2047, reads in part: "A witness is allowed to refresh his memory respecting a fact, by anything written by himself, or under his direction, at the time when the fact occurred, or immediately thereafter, or at any other time when the fact was fresh in his memory, and he knew that the same was correctly stated in the writing. But in such case the writing must be produced, and may be seen by the adverse party, who may, if he choose, cross-examine the witness upon it, and may read it to the jury ..." Penal Code, section 1102, provides: "The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code."
 The Gallardo case does not deny the defendant inspection of the written statement made by a prosecution witness, whether used by that witness on or off the stand. People v. Riser (1956), 47 Cal.2d 566 [305 P.2d 1], distinguishes the Gallardo case on the ground that the conditions of production held to be necessary had not been met by Gallardo's counsel. But People v. Riser radically revises, and in fact gives the coup de grace to the holding of what is necessary for inspection announced in the Gallardo case. [3] First, [People v. Riser, supra, p. 587]: "In the present case the court denied production on the ground that the statements could not be used to impeach the witnesses. We are at a loss to understand [159 Cal.App.2d Supp. 851] how the court could have reached his conclusion without even seeing the statements. Whether they were in writing or signed by the witnesses the record does not show, and it is safe to say that no one but the prosecution knew. ... Obviously a defendant cannot show conclusively that a document is admissible without seeing it, and yet in order to see it he is told that he must show that it is admissible. The proper test for determining whether production must be granted is not whether the evidence has been conclusively proved admissible but whether ... 'there is good reason to believe that the document when produced would be admissible in evidence for some purpose in the case. ...' " (Cf. Powell v. Superior Court (1957), 48 Cal.2d 704, 708-709 [312 P.2d 698]; Walker v. Superior Court (1957), 155 Cal.App.2d 134, 140-141 [317 P.2d 130].) The court then states that the chance that the document may turn out not to be available for impeachment should not "block production at the threshold." At page 588: "As in the case before us, the court was faced with a record that showed no reason why the statements once produced could not be used for impeachment."
 [4] This is entirely consistent with Code of Civil Procedure, section 2047, as written, which may be invoked when each of the elements set forth therein is established preliminary to the demand. The right of inspection does not rest alone on Code of Civil Procedure, section 2047. (Cf. Powell v. Superior Court, supra, 48 Cal.2d 704, 706-708.)
 [5] It is appropriate to quote from People v. Riser, supra, 47 Cal.2d 566 (at page 586): "Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state has no interest in denying the accused access to all evidence that can throw light on issues in the case, and in particular it has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits. To deny flatly any right of production on the ground that an imbalance would be created between the advantages of prosecution and defense would be to lose sight of the true purpose of a criminal trial, the ascertainment of the facts."
 [6] The right to inspect a document in the circumstances of this case is different from the right to introduce it in evidence and the right to inspect cannot be denied although its admission in evidence may be refused if inspection reveals [159 Cal.App.2d Supp. 852] that its contents are immaterial. In addition, it hardly seems proper and may have been prejudicial, for the prosecution, while withholding the document, to offer to release it if defendant would introduce it, and then to argue its contents before the jury when it was not in evidence at all.
 [7] Another error was committed by the prosecuting attorney in his closing argument. Counsel for the defendant, in his argument asked the jury to draw inferences unfavorable to the prosecution from the fact that another police officer who was present at the trial and present at the time the crime was supposed to have been committed was not called as a prosecution witness. In reply the prosecuting attorney said: "... he infers that I am keeping an officer away because perhaps the officer's testimony might weaken the case. I deeply resent it. I would never--anyway, that is an opinion that you have to base your decision on. I can only assure you that under no circumstances would I withhold evidence which would be in conflict with what you have heard here." This was in the nature of personal testimony, and improper argument. (People v. Beal (1953), 116 Cal.App.2d 475, 477, 479 [254 P.2d 100].)
 The charge under Penal Code, section 647, subsection 5 is serious, and the case was so close that the errors disclosed cannot be excused under California Constitution, article VI, section 4 1/2.
 The order granting probation is reversed, and the cause is remanded for a new trial.
 BISHOP, P. J.
 I dissent. Let us note clearly that which People v. Gallardo (1953), 41 Cal.2d 57, 67 [257 P.2d 29, 35- 36], does hold. The situation there presented was of a witness who, before she took the stand, had refreshed her memory by examining notes which she had made earlier. It was held, first of all, squarely, with a citation of authorities, that section 2047, Code of Civil Procedure, does not apply to such a situation, but that it authorizes an inspection by an adverse party only if the writing is made use of by the witness while on the stand. One may wonder what real difference it makes where the witness sits while he reads his own writings, but our Supreme Court, fortified by authorities, said that it does, and its decision has been followed in People v. Williams (1954), 123 Cal.App.2d 226, 230 [266 P.2d 599, 602]; Smith v. Smith (1955), 135 Cal.App.2d 100, 105 [286 P.2d 1009, 1012]; and [159 Cal.App.2d Supp. 853] see People v. Humphries (1954), 127 Cal.App.2d 131, 134-135 [273 P.2d 562, 564].
 People v. Gallardo then recognized that an "exception has been made [to the rule just announced] in cases where a government witness refers to documents before taking the stand and the party demanding the right of inspection lays a foundation by showing that the documents ... are contradictory of his present testimony as to relevant and important matters," but went on to hold that no such showing had been made in the case before it, and concluded that the trial court had properly denied the request for an inspection. The Gallardo case did, therefore, deny the defendant an inspection of the written statement of a prosecution witness.
 I find in People v. Riser (1956), 47 Cal.2d 566 [305 P.2d 1], nothing that casts even a doubt upon either of the holdings in the Gallardo case. Certainly the Riser case does not undermine the conclusion that section 2047 does not authorize an inspection under the facts of this case, for that section was not mentioned in it, and there was no suggestion that the witnesses, in People v. Riser, had used the writings, sought to be inspected, to refresh their memory, either on or off the witness stand. The Gallardo case is cited, in People v. Riser (47 Cal.2d 566, 586 [305 P.2d 1, 13]) as one of several cases in which it had been held that production of evidence in the possession of the prosecution was denied "because the requirements justifying production had not been met." No criticism is made of the holding, nor any doubt cast upon the fact that a showing justifying production is required. Indeed, in People v. Riser the court states what is, and what is not required. The requirement is not that the defendant show conclusively that the document sought would, if produced, be admissible in evidence. The word we have italicized was used three times in the discussion, once in this summation (47 Cal.2d 587 [305 P.2d 14]): "The proper test for determining whether production must be granted is not whether the evidence has been conclusively proved admissible but whether, as stated in People v. Glaze [139 Cal. 154, 158 (72 P. 965)], 'there is good reason to believe that the document when produced would be admissible in evidence for some purpose in the case. ...' There must be more than a mere possibility that the statements when produced will contain contradictory matter and be in such a form that they can be used to impeach, ..." The conclusion then reached was that the "defendant sustained the burden imposed on him" for he had shown that "it was [159 Cal.App.2d Supp. 854] probable" that the witnesses' written statements were inconsistent with their testimony. Where in this is there a death sentence to the holding in the Gallardo case that a writing is inadmissible if neither used by the witness while on the stand nor shown to be useful for impeachment?
 The most that is claimed for the writing sought in the present case is that it fails to contain, in its page and a half, all of the details related by the officer-witness in a lengthy cross-examination. There is entirely lacking a showing of any probability that the officer's written report contained anything that was in conflict with his testimony, or anything that would warrant the defendant's use of it. The ruling was not error, certainly not of so prejudicial a nature that it warrants a reversal of the order granting probation. Nor do any of the other "errors" warrant a reversal. I would affirm it.