THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. NICHOLAS YANETTI, PLAINTIFF IN ERROR.

Argued October 31, 1924—Decided January 19, 1925.

In an indictment for carnal abuse the averment of the time of the commission of the act is formal and not of the essence of the offense, because it is not a legal constituent of the crime, which is a crime whenever committed, and in a prosecution for carnal abuse, proof from which it may be inferred that the offense was committed on the day named in the indictment, or on any day without the statute of limitation, is sufficient to sustain a conviction.

On error to the Supreme Court, whose *per curiam* is printed in 2 *N. J. Mis. R.* 424.

For the plaintiff in error, *Ward & McGinnis.*

For the defendant in error, *J. Willard De Yoe,* prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR.   Defendant was indicted for having on June 1st, 1922, upon one Anna Sigismondi, a woman-child under the age of sixteen years, to wit, thirteen years, made an assault, and then and there did unlawfully carnally abuse her, said Nicholas Yanetti being then and there over the age of sixteen years, to wit, of the age of forty-six years. The defendant pleaded not guilty, and, upon this issue of traverse joined between the state and him, was tried by a jury in the Passaic Quarter Sessions and convicted.   This conviction he removed into the Supreme Court on writ of error, where it was sustained *per curiam.*   2 *N. J. Mis. R.* 424.   The judgment entered upon that affirmance has been removed into this court by writ of error.

The assignments of error to the trial court, which were filed in the Supreme Court, and which are reviewable here under the proper general assignment that the Supreme Court erred in the judgment of affirmance which it rendered (*Burhans* v. *Paterson,* 99 *N. J. L.* 490), are four in number— (1) because at the close of the state's case, it appearing from the testimony that the complaining witness, Anna Sigismondi, had testified that the defendant had sexual intercourse with her some time in the month of June, but that her recollection as to it being in the month of June was because it was summer time, and she had made a note of it, which note she had lost, and no other evidence having been offered by the state fixing the time of the commission of the offense, the trial court denied defendant's motion for the direction of a verdict of acquittal. on the ground that there was no proof showing the offense to have been committed at the time mentioned in the indictment; (2) because, at the close of the state's case, the trial court denied defendant's motion for the direction of a verdict of acquittal on the ground that there was a variance between the proof and the time alleged in the indictment; (3) because, at the close

of the whole case, the trial court denied defendant's motion for a direction of a verdict of acquittal on the ground stated in assignment No. 1; (4) because, at the close of the whole case, the trial court refused defendant's motion for the direction of a verdict of acquittal on the ground stated in assignment No. 2; (5) because the court sentenced the defendant, &c., when no sentence should have been imposed. This is formal and points out no error.

The principal reliance of the defendant for reversal is upon the case of *State* v. *Lee,* 94 *N. J. L.* 266, wherein a count in the indictment charged that the defendant carnally abused the prosecutrix on the 10th day of June, which was amended by order of the court by substitution for that date of the dates June 1st and 3d, and it was held that the amendment in effect altered the indictment in substance by charging the defendant with the commission of two separate offenses of like character in a single count, when the indictment was predicated upon the commission of a single offense only; also, that the indictment substituted two offenses for one, which in effect was equivalent to adding a count to the indictment charging an offense not presented against the defendant by the grand jury.

In the case at bar the Supreme Court said that it thought that the contention made on behalf of the plaintiff in error was answered, and the case controlled by what that court said in *State* v. *Calabrese,* 99 *N. J. L.* 312, wherein it was said (at *p.* 315) that the averment of time is altogether formal unless the time itself be a legal constituent of the offense; that time is not of the essence of the offense except in cases where the act may be innocent if done at one time and criminal if done at another. And speaking of the Lee case, *supra,* the Chief Justice said that the indictment charged that the defendant, on the 10th day of June, did unlawfully and carnally abuse the girl; that the proof failed to show the commission of the offense on the date stated, but did show the occurrence of sexual intercourse between the parties on the 1st and the 3d of June, whereupon the prosecutor of the pleas asked to amend the indictment by insert-

ing these two dates in the place of that adverted to in it, which was permitted, and a conviction being had on the indictment, as amended, the court of review reversed it on the ground that the judicial action complained of was without legal justification, because the allowance of the amendment altered the indictment in substance by charging defendant with two separate crimes of like character, whereas the presentment of the grand jury was predicated only upon the commission of a single offense; that there is nothing in that decision which even suggests a repudiation of the doctrine laid down in the earlier cases to which the Supreme Court referred in the then instant case and which are cited in the opinion. The case of *State* v. *Calabrese* was affirmed in this court, 100 *Id.* 412.

In *State* v. *Shapiro,* 89 *N. J. L.* 319, 322, this court held that where the date is not of the essence of the offense, it is not necessary to prove that it was committed on the date laid in the indictment. In that respect it is always open to the state to offer proof that the offense charged was committed on any day within the period not covered by the statute of limitations.

We hold that in an indictment for carnal abuse the averment of the time of the commission of the act is formal and not of the essence of the offense, because it is not a legal constituent of the crime, which is a crime whenever committed; and in a prosecution for carnal abuse, proof from which it may be inferred that the offense was committed on the day named in the indictment, or on any day without the statute of limitations, is sufficient to sustain a conviction.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 11.

*For reversal*—None.