THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. MÁXIMO DÍAZ, Defendant and Appellant.

No. 9802. Argued March 3, 1943.—Decided March 31, 1943.

*Cruz Ortiz Stella* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The only question to be decided on this appeal is whether the court below committed error in admitting the prosecution's evidence, notwithstanding that it referred to the fact that the defendant had for sale in his commercial establishment adulterated milk on *January 27, 1941,* when the information stated that the offense was committed on *March 3, 1941.*   The appellant does not contest the sufficiency of the evidence admitted but he contends that the variance between the date alleged and the date proved is fatal.   He argues that said evidence constituted a surprise for him and left him ''completely defenseless and without adequate means to contradict it.''

In order that variance between the date alleged in the information for the commission of the crime and the date proved at the trial can be considered fatal, at least two requisites must exist: 1, that the time be a material ingredient of the crime charged and, 2, that the variance must affect the substantial rights of the defendant.   This can be clearly inferred from the legal provisions which we will summarize.

Under §78 of the Code of Criminal Procedure the precise moment at which the crime was committed need not be stated in the information except ''where the time is a material ingredient in the offense.''   Again, §82 of the same code provides that the information is sufficient if there appears from it: ''5. That the offense was committed at some time prior to the filing of the information'' and §461 provides that:

''Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or

mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right.''

In *People* v. *Ramos,* 28 P.R.R. 749, this court decided that the allowance of an amendment to the information with regard to the date of the commission of the crime does not constitute error since it was an amendment of ''a variance that was immaterial and in no wise prejudicial to the rights of the defendant and appellant.'' After citing §§78 and 82, *supra,* it was said: ''The spirit that underlies these two sections also tends to show that the defendant was not prejudiced by the inaccuracy in the information.'' To the same effect, see *People* v. *Albino,* 38 P.R.R. 193.

The same rule prevails in the United States. See 2 Wharton's Criminal Evidence, 1824 *et seq.* (11th ed.); *State of Minnesota* v. *Dufour,* 123 Minn. 451, 143 N. W. 1126; *State* v. *Yanetti,* 101 N. J. Law 927, 127 A. 183.

It is true that in the instant case the district attorney did not attempt to amend the information, but it is obvious that if he had asked leave to do so, the court would not have committed error by authorizing such amendment.

■■ Time is not an essential ingredient of the offense of adulterating milk if it is alleged and proved that the crime was committed prior to the filing of the information and within the prescriptive period. The variance did not affect the substantial rights of the defendant, since the court offered to continue the trial of the case so that he could bring in the evidence which he considered necessary to contradict the evidence for the People and the defendant preferred instead to rely on his motion for a nonsuit. Because of this, defendant's argument that the variance in the dates was a surprise which rendered him defenseless lacks merit.

The judgment is affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús did not participate herein.