20 N.J. Super. 93 (1952)
89 A.2d 482
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALFRED JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 9, 1952.
Decided June 17, 1952.
*94 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Edward Cohn, Prosecutor of the Pleas of Union County, attorney for the State (Mr. H. Russell Morss, Jr., on the brief).
Mr. Alfred Johnson, pro se.
The opinion of the court was delivered by GOLDMANN, J.A.D.
The Union County grand jury indicted defendant for committing sodomy with J, a 14-year-old boy, at Linden, N.J., on January 7, 1951, contrary to the provisions of R.S. 2:168-2 (now N.J.S. 2A:143-2). Defendant pleaded not guilty. He was defended by court-assigned counsel, assisted by another attorney.
At the close of the case counsel for defendant requested the court to charge that the State was bound to prove the offense was committed on January 7, 1951, and unless the jury were satisfied beyond a reasonable doubt that defendant committed the crime on that date they must find him not guilty. The request was refused, the trial judge charging that the jury might find defendant guilty if they were satisfied beyond a reasonable doubt that he committed the offense on the first or second Saturday of January, 1951. *95 (There was frequent reference throughout the case to Saturday as the day of the offense. The events leading up to the offense took place late Saturday night; the offense itself occurred in the early hours of Sunday morning. January 7, 1951, was a Sunday.)
The jury found defendant guilty and the court sentenced him to imprisonment in the State Prison for a term of three to five years.
Defendant appeals in forma pauperis, claiming violation of his constitutional rights because the State failed to establish with any certainty the commission of the offense on the specific date set out in the indictment. The settled law is otherwise. Time need not be proved where it is not of the essence of the offense. The defendant in State v. Yanetti, 101 N.J.L. 85 (E. & A. 1925) made a similar contention. Chancellor Walker, speaking for a unanimous court, said (at page 88):
"In State v. Shapiro, 89 N.J.L. 319, 322 [E. & A. 1916], this court held that where the date is not of the essence of the offense, it is not necessary to prove that it was committed on the date laid in the indictment. In that respect it is always open to the state to offer proof that the offense charged was committed on any day within the period not covered by the statute of limitations.
We hold that in an indictment for carnal abuse the averment of the time of the commission of the act is formal and not of the essence of the offense, because it is not a legal constituent of the crime, which is a crime whenever committed; and in a prosecution for carnal abuse, proof from which it may be inferred that the offense was committed on the day named in the indictment or on any day without the statute of limitations, is sufficient to sustain a conviction."
The doctrine that averment of the time of the commission of the crime is altogether formal, unless the time itself be a legal constituent of the offense, dates back to Ketline v. State, 59 N.J.L. 468, 470 (E. & A. 1896). Time is not of the essence of the offense "except in cases where an act may be innocent if done at one time, but criminal if done at another." State v. Calabrese, 99 N.J.L. 312, 315 (Sup. Ct. 1924), affirmed per curiam 100 N.J.L. 412 (E. & A. 1924).
*96 Time is not a legal constituent of the offense here charged. In the language of the Yanetti case, sodomy is a crime whenever committed. The State was not conclusively bound to the date specified in the indictment; it could have offered proof from which the jury might have inferred that the offense was committed on any day within the period not covered by the statute of limitations.
The informal brief filed by defendant would create the impression that he was in some way prejudiced at the trial in establishing an alibi. The record shows that the offense was committed either on the first or second Saturday night (i.e., early Sunday morning) in January, 1951. The court made it clear to defendant shortly after the trial began that
"It [the offense] is set now to two Saturday nights in the first part of the month. The first part of the month, of course, would be the first Saturday night and the second Saturday night. The third Saturday night would be at the end of the month, but he [the assistant prosecutor] is down to two days."
Defendant did in fact attempt to offer an alibi for both nights. The alibi for the first Saturday night had weak support; the corroborating witness testified that he last saw defendant at about 12:15 A.M. The criminal act took place after that, in the early hours of Sunday morning. The alibi for the second Saturday night was completely uncorroborated.
Although defendant knew at the trial that the State could not and would not definitely confine its proof to a specific one of the two nights, he asked for no further time to perfect his defense. Nor was there any representation made to the court that he could produce witnesses who would further bolster the alibi sought to be established for the first Saturday night or provide some corroboration for his alibi for the second.
The judgment of conviction is affirmed.