UNITED STATES of America, Appellee,

v.

Carmelo SANSONE and Antoine Buttafoco, Defendants-Appellants.

No. 396, Docket 27594.

United States Court of Appeals Second Circuit.

Argued June 17, 1963.

Decided June 27, 1963.

Victor Temkin, Arnold N. Enker, Asst. U. S. Attys. (Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, New York City, of counsel), for appellee.

A. Edward Grashof, New York City (Anthony F. Marra, New York City, of counsel), for appellants.

Before CLARK, MOORE and HAYS, Circuit Judges.

PER CURIAM.

Defendants Buttafoco and Sansone appeal from judgments of conviction for violation of the narcotics laws after a non-jury trial.

Only two points of error are asserted, both unrelated to the facts upon which the convictions were based, namely: (I) that the district judge, having presided at a prior trial of one of the defendants (Sansone) whom he had sentenced, was not qualified to sit in judgment on the defendants, and (II) that the district judge abused his discretion in permitting the defendants to waive a jury trial under these circumstances.

 The defendants were represented by counsel. No objection was made to the particular judge assigned to the case on the ground that he might be prejudiced because he knew of Sansone's previous conviction and the facts on which it was based. A judge should not be charged with failure to take action which has never been requested. Ramirez v. United States, 294 F.2d 277 (9th Cir.1961). Furthermore, there were no legal grounds for disqualification. "Because a judge has decided one case against a litigant is no reason why he cannot sit in another." Barnes v. United States, 241 F.2d 252, 254 (9th Cir. 1956).

As to waiver, trial judges would probably prefer to shift fact-finding responsibility in criminal cases to juries in almost every instance. However, if a defendant believes that some advantage will inure to his benefit from such a waiver, at trial judge might be most reluctant to deprive a defendant of a non-jury trial. The defendants, having requested such a trial, cannot complain—at least successfully—that it was error to grant their request.

The thanks of the court are extended to A. Edward Grashof, Esq., for his able representation at the court's request of the defendants on this appeal.

Affirmed.