205 A.2d 24.

STATE *vs.* MANUEL REGO NUNES, JR.

DECEMBER 4, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is an indictment charging the defendant with assault with intent to rape. The case was tried to a jury in the superior court, and a verdict of guilty was returned on April 26, 1960. The prosecution thereupon moved for revocation of bail and commitment of the defendant pending sentence, which motion was granted.

In passing on the motion to revoke bail and to commit defendant, the trial justice said:

"* * * this man has been convicted, the jury has returned a verdict of guilty on a serious criminal charge. Under the statute I am at this point empowered to commit him on that conviction. There is a possibility he might jump bail; however, I am deeply concerned with another factor in this case. The evidence is clear before me and the jury has accepted as true he entered four or five homes in East Providence. I am fully aware of the fact that by some miscarriage of justice he was found not guilty of a charge of rape on the same day; in other words, he raped one woman, attempted to rape another and went into three other homes on the same day and, in my opinion, only the presence of people in the homes prevented a wholesale rape in East Providence.

"From the defendant's conduct in this court I am satisfied he has a mental disturbance of some kind and it would be unsafe to leave him free at this time in the community. That is a strong consideration. That being so, on this charge on which he has just been found guilty. I am going to order him committed without bail with the view of fixing the penalty in this case— I don't think I can let him safely depart from this courthouse in view of what transpired in

East Providence on that day. I, therefore, order he be committed in this case until such time as we can get a necessary report before sentence, a pre-sentence examination report. Sheriff, see that he is committed.
"If an exception lies for my conduct, you have it."

It is not disputed that defendant had been tried in the superior court at a time prior to the instant trial on an indictment charging him with rape and in that case the jury had returned a verdict of not guilty. It appears to be conceded that the incident upon which that indictment had been returned occurred in the same community, East Providence, and on the same day, April 6, 1959, as the incident that is the subject matter of the indictment now under consideration.

The defendant's motions for a mistrial, for disqualification, and for a new trial were heard by the trial justice on February 16, 1961, and each of these motions was denied. The defendant in this court is prosecuting an exception to each such ruling. The record further discloses that defendant was sentenced to serve a term of three years' imprisonment in the adult correctional institutions on the instant indictment on April 28, 1961.

The defendant contends primarily that the court's description of his acquittal in the prior trial as a "miscarriage of justice" disclosed a personal opinion as to the guilt of defendant that constituted prejudice sufficient to disqualify him from hearing defendant's motion for a new trial. On oral argument, however, defendant urged also that this statement of the court was conclusive that during the trial on the instant indictment the judge believed defendant to be guilty of a similar offense in such circumstances as to constitute prejudice depriving him of a fair and impartial trial.

The prosecution, on the other hand, argues that the remarks of the court were not inherently prejudicial and that it did not err in denying his motion to declare a mis-

4

trial. This for the reason that defendant, having failed to establish any action on the part of the court in the course of the trial that prejudiced defendant, did not meet the burden of establishing the prejudice that deprived him of a fair and impartial trial. In support of this contention the prosecution relies upon the rule laid down in *Kelley* v. *City Council*, 61 R. I. 472.

In our opinion, the pertinent issue to be determined is whether the court erred in denying defendant's motion to declare a mistrial. It is clear that in all the circumstances the motion addressed to the judge to disqualify himself to hear and determine the motion for a new trial did not reach the adverse effect upon defendant's right to a fair and impartial trial arising out of the court's alleged prejudice and that the adverse effect of the prejudice here involved could be corrected at the time of its disclosure only by a nullification of the verdict. To this end the motion to declare a mistrial would be most effective and, in our opinion, was timely made even though the verdict had been returned. It is settled in this state that the imposition of a sentence is, in effect, the entry of a judgment of conviction, *State* v. *D'Amico*, 92 R. I. 194, 197, and a motion for mistrial will lie in appropriate circumstances prior to entry of judgment.

The right to have one's cause heard and determined by a judge who is reasonably free from prejudice is part of the fundamental right to a fair trial. *Whitaker* v. *McLean*, 118 F.2d 596. In *Rideau* v. *Louisiana*, 373 U. S. 723, the court, asserting that defendants in criminal cases have certain minimal rights, said at page 726: "Among these are the right to counsel, the right to plead not guilty, and the right to be tried in a courtroom presided over by a judge." It would be sterile interpretation indeed to read these words as requiring anything less than that the judge be free from prejudice of such character as to impair the impartiality of the trial.

A scholarly resume of the development of the law relating to judicial disqualification for prejudice is to be found in *Leonard* v. *Willcox,* 101 V.t. 195. One of the conclusions reached by the court therein illuminates the nature of the question raised in the instant case. The court, adverting to the question of when a judge's opinion as to the guilt of a defendant in a criminal case constitutes prejudice impairing the impartiality of the trial, points out that the mere possession of an opinion as to guilt, standing alone, does not disqualify the judge. The court said at page 215: "It is the existence of bias or prejudice in his mind against the respondent which must be clearly shown. * * * If bias or prejudice exists, so that impartiality is destroyed, its origin or reason is immaterial, and it does not matter whether it is warranted or unwarranted." The Vermont court, in our opinion, states clearly the character of the prejudice that operates to disqualify a judge.

This is not a rule of leniency. It requires an appellate court to scrutinize closely whatever is asserted to have disclosed prejudice of a character and in such degree as to work a disqualification. Because prejudice is essentially a state of mind, it is to be ascertained usually by reasonable inferences drawn from the conduct of the judge and the circumstances in which it was indulged. The cautionary language of the court in *Stamp* v. *Commonwealth,* 195 Ky. 404, is worthy of repetition here. The court said at page 413: "Not only must the judges presiding over the courts be honest, unbiased, impartial, disinterested in fact, but it is of the utmost importance that all suspicion to the contrary must be jealously guarded against and if possible be completely eliminated, if we are to give full effect to the dignity of the bench and maintain public confidence in its integrity and usefulness."

We turn then to a consideration as to whether the language of the court establishes prejudice against defendant

during defendant's trial that requires us to hold that the trial was not fair and impartial. The defendant concedes that the record does not disclose any particular ruling, order, or act on the part of the court that was inherently unfair or hostile to him. After our own examination of the transcript, we concur in defendant's concession, it being clear that no overt act on the part of the court during the trial could be construed as prejudicial. However, in view of the necessity that trials be manifestly fair and impartial, we cannot overlook the thrust of defendant's contention as to the effect of the court's remarks in passing on the motion to revoke bail after conviction.

The defendant relies completely on the inferences he draws from the court's description of his conduct on April 6, 1959 as threatening "a wholesale rape in East Providence" and his acquittal by a jury on the prior indictment for rape as a "miscarriage of justice." The import of these remarks, defendant urges, made immediately after the conclusion of the trial with a verdict of guilty discloses a prejudicial state of mind on the part of the judge that reasonably must be considered to have existed during the course of the trial.

This, in our opinion, is an entirely reasonable inference. The language from which it is drawn suggests defendant's guilt not only of the crime charged but of at least one other crime of a similar character, and its utterance immediately after the return of a verdict of guilty has substantial probative force that such a state of mind existed during the trial just concluded. It is our view then that defendant has satisfied the burden of proof imposed upon him by the rule laid down in Kelley v. City Council, supra.

We perceive no merit in the prosecution's contention that these comments of the court, when read in the context in which they were uttered, are not susceptible of a reasonable inference of prejudice sufficient to disqualify the judge. In

our opinion the remarks of the court warrant the inference drawn by the defendant and are probative of the inhibited prejudice even though such inference does not completely exclude or explain away another hypothesis that might be inferable from the same facts. See *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269. 197 A.2d 305. We are constrained to conclude then that the defendant has established the prejudice of the trial court during his trial on the instant indictment and that in the circumstances a new trial should be had.

The defendant's exception to the denial of his motion for mistrial is sustained, and the case is remitted to the superior court for a new trial.

CONDON, C. J., dissenting. There is much in the court's opinion concerning the necessity of an unprejudiced judge as an indispensable requisite for a fair and impartial trial, with which I agree. But I cannot agree with its conclusion that defendant was denied such a trial because of the observation made by the trial justice in explanation of the reason why he was impelled to revoke defendant's bail and commit him. The trial justice was not then performing a judicial act involving the determination of defendant's guilt. That matter had already been determined by the jury after a trial in which no ruling of the trial justice had been called in question on the ground of prejudicial error and after he had given the jury instructions in the law, to which defendant has pressed no exceptions.

In fact defendant frankly conceded before us that no ruling, order or act by the trial justice during the trial was unfair or hostile to him and in its opinion this court expressly concurs in such concession. This being so, the cogency of the court's reasoning in finding defendant was denied a fair and impartial trial eludes me. Indeed I am quite at a loss to perceive how the trial justice's observation, made at a time when the trial was over and done with

and when he was exercising a function having not the remotest relation to the determination of defendant's guilt, could transform a hitherto fair and impartial trial into one that was prejudicial.

However, in view of the trial justice's observation it may well be argued that his impartiality to pass later upon the motion for a new trial was impaired to an extent that tended to create a cloud of suspicion sufficient to disqualify him from performing that function. For this reason I would hold that his decision on such motion should be set aside. But instead of remitting the case for a new trial as the court has done, I would have this court examine the record and determine for itself whether the jury's verdict was contrary to the great weight of the evidence. This is in accordance with our well-established practice where we find a trial justice has failed to perform his duty in passing upon such a motion. By following this practice we could then decide whether the evidence supported the verdict, and if so remit the case to the superior court for entry of judgment on the verdict.

On my view of the record there is substantial support for the verdict and I would therefore favor entry of such an order. For this reason I must dissent from the court's decision.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Leo Patrick McGowan, Eugene F. Toro,* for defendant.