**UNITED STATES of America**

v.

**Anthony Dennis RAMOS, alias John Doe.**

No. 7454.

United States District Court
D. Rhode Island.

Oct. 4, 1968.

**72**

Edward P. Gallogly, U. S. Atty., and Frederick W. Faerber, Jr., Asst. U. S. Atty., Providence, R. I., for plaintiff.

Seth K. Gifford, Providence, R. I., for defendant.

## OPINION

PETTINE, District Judge.

The matter before the court is a motion for a new trial filed on behalf of the defendant, Anthony Dennis Ramos.

The indictment in question involved two hearings. The first was on the defendant's motion to dismiss the indictment on the claimed grounds that the arbitrary and capricious actions of the Selective Service System's Local Board in denying him conscientious objector classification constituted a denial of due process. It was heard on July 15, 1968 and denied as a matter of law. Subsequently, on August 2, 1968, the charge in the indictment was tried before a jury. The defendant was convicted of a violation of 50 App.U.S.C. § 462.

Turning to the instant motion, the court resorts to the defendant's memorandum of law in support thereof to determine its basis. He accuses the court of unfairness, attacks the conduct of the court and claims it "went beyond the bounds of impartiality—certainly of

disinterestedness—by urging the prosecution (to) introduce further evidence (and that such action) was unfair to the defendant." Counsel concludes his claim by asserting that the court's knowledge of evidentiary facts gained during the course of the pre-trial hearing on defendant's motion to dismiss "raises an inference that the defendant did not receive a fair trial."

The factual basis for such contention is founded on a colloquy which occurred in a court chambers conference by and between the judge, counsel for both sides and the court reporter. As authority for his position, counsel for the defendant cites "Webster(s)" definition of impartiality and the single case of State v. Nunes, 99 R.I. 1, 205 A.2d 24 (1964). He relies on the Supreme Court holding in *Nunes*, supra, that the trial judge's remarks following a verdict of guilty disclosed a prejudicial state of mind on the part of the court that reasonably must have existed at the trial. In short, he is arguing that the conference held in chambers disclosed a prejudice which must have existed at the time of trial.

The conference in question was held at the court's request immediately after the close of the evidence by both sides. In order to safeguard the respective rights of the parties, the court reporter was ordered to be in attendance and was directed to make a verbatim record of the proceedings. The transcript of this meeting consumes nine pages, and though defense counsel was given an automatic exception, he offered no argument.

The only words uttered by him were, "thank you very much" and "thank you." Now for the first time, an attack is made on the conduct of the court, relying exclusively upon the colloquy at issue. At that conference the court, in substance, asked the Government its reasons for resting the case without the introduction of certain evidence, which was known to exist by both parties and the court and which had a bearing on an essential element of the offense charged, namely, the

refusal of the defendant to be inducted. The prosecutor disclosed that he mistakenly labored under the view that the introduction of such evidence would open for inquiry the whole issue of the defendant's claim as a conscientious objector which had been determined at the first hearing on the motion to dismiss. The court dispelled that erroneous view and stated it would allow the Government to reopen its case if Government counsel chose to do so for the limited purpose of offering certain evidence concerning that issue. Defendant's counsel was then expressly told he had an exception on the record to such procedure. The chambers conference was then adjourned. Thereafter the Government moved the court for leave to reopen its case for this limited purpose and proceeded to introduce the additional evidence.

▮▮▮ At the outset it must be recognized that the trial judge is not a mere umpire, referee or moderator in a contest between opposing parties or counsel. True, he may not cast aside his judicial robes and advocate for one side or the other, and under no circumstances is he justified in any way affecting a defendant's right to a fair trial. However, let us not lose sight of the fact the people of the United States are entitled to the same right. Superimposed on this delicate balance is the fundamental duty of the trial judge, representative of a sovereign, to see that justice is done and to conduct the trial according to law, to bring about a just result.

The defendant in this motion does not bring into question any ruling, order or act of the trial judge in the conduct of the trial itself before the jury; nor does he rely on newly discovered or after-acquired evidence. The sum total of his reason for a new trial is the conference held in the court's chambers outside the presence of the jury.

The holding of such proceedings where matters of evidence are discussed is perfectly proper and normal, Cox v. United States (8th Cir. 1962), 309 F.2d 614. The court may proceed in any lawful manner not inconsistent with the Federal Rules of Criminal Procedure or other applicable statute. Rule 57(b), Fed.R. Crim.P.

▮▮ The judge may not sit back with "disinterestedness" as defendant's counsel would have him do. He is properly interested in seeing that all salient facts are presented to the jury to bring about a just result. The Government counsel had a duty to elicit and present information available to him bearing upon each and every essential element of the offense charged; mistakenly he believed he was precluded from introducing certain evidence bearing on the defendant's refusal to submit himself to induction into the Armed Forces of the United States. On the defendant's motion to dismiss prior to the opening of the jury trial, Government counsel in opposition to that motion on hearing presented testimony bearing on the precise question of the defendant's refusal to submit himself to induction. At the trial, however, it was not presented to the jury and the Government rested its case. The defendant may not seize upon Government counsel's mistaken belief and claim a windfall.

▮ A mistaken belief cannot stand in the way of the court to see that justice is done, and a mistaken belief of Government counsel can be corrected by suggestions to counsel. United States v. Laurelli, 187 F.Supp. 30 (D.C.1960), citing Fischer v. United States, infra; Levey v. United States (9 Cir. 1937), 92 F.2d 688, 692. In Carrado v. United States, 93 U.S.App.D.C. 183, 1953, 210 F.2d 712, the judge, in a prosecution for violation of the narcotics laws, not only made suggestions to the prosecutor but also developed essential elements of proof by his questioning of a witness, which had not been done by the prosecutor. Unlike here, the judge's suggestions and questioning was done in the presence of the jury. The Court of Appeals for the D.C. Circuit found nothing improper in the court's conduct stating, "it is well

settled that (the trial judge) is more than a mere umpire * * *" id. at 722. Similarly, the duty and proper function of a trial court was again emphasized in Fischer v. United States (10 Cir. 1954), 212 F.2d 441. There, as here, a claim of error was urged in that the direction given to the prosecutor by the trial judge "transcended the bounds of an impartial presiding judge * * *" id. The Court of Appeals for the 10th Circuit rejected the defendant's claim and said:

"During the direct examination * * *, the court directed the District Attorney to pursue a line of questioning to 'find out where, and when, and under what circumstances' an incident occurred. It is contended that this direction transcended the bounds of an impartial presiding judge and tended to convey to the jury that special weight should be given to such testimony. There is no merit to the contention. The trial court is not a mere umpire in the trial of a case. *One of its functions is to see that all relevant facts are brought intelligibly to the attention of the jury and it may intervene in the conduct of the trial for this purpose.* The court has the power, within reasonable bounds, to question a witness for the purpose of eliciting the truth and there is no reason why it may not direct an attorney to pursue a line of questioning if it is relevant to the case." (emphasis added). Citing Glasser v. United States, 315 U.S. 60, 82, 62 S.Ct. 457, 86 L.Ed. 680; Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321; [Griffin v. United States, 83 U.S.App.D.C. 20, 164 F.2d 903] denied 333 U.S. 857, 68 S.Ct. 727, 92 L.Ed. 1137, new trial granted on other grounds 87 U.S.App.D.C. 172, 183 F.2d 990; National Mut. Casualty Co. v. Eisenhower, 10 Cir., 116 F.2d 891; United States v. Gross, 7 Cir., 103 F.2d 11, 13; United States v. Breen, 2 Cir., 96 F.2d 782, certiorari denied 304 U.S. 585, 58 S.Ct. 1061, 82 L.Ed. 1546."

■ A court on its own motion in the interests of justice may depart from usual procedure and call a witness, adduce evidence, and itself examine those who testify in the presence of the jury. United States v. Brandt (2 Cir. 1952), 196 F.2d 653, 655. Smith v. United States, 8 Cir., 331 F.2d 265 at 273. See 67 A.L.R.2d 538. There is no reason why this court could not adopt the procedure it did. It must further be noted that all genuine possibility of prejudice, which could befall the defendant, was removed by conducting the proceedings in court chambers out of the presence of the jury.

■ The knowledge of evidentiary facts gained by this court on defendant's motion to dismiss warranted the suggestion made to the Government concerning the possible use of those facts as to the ultimate issue of the defendant's guilt or innocence. Where, as here, the judge's knowledge of the available evidence is of judicial origin or exposure, such knowledge does not inferentially raise an issue of bias, prejudice, lack of partiality or, as urged by the defendant's counsel, a "prejudicial state of mind on the part of the judge that reasonably must have existed during the course of the trial." NLRB v. Donnelly Garment Co., 330 U.S. 219, 67 S.Ct. 756, 91 L.Ed. 854; see United States v. Grinnell Corp. (D.C.R.I. 1966), 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778; see Gallarelli v. United States (1st Cir. 1958), 260 F.2d 259; United States v. Sansone (2d Cir. 1963), 319 F.2d 586; Barry v. Sigler (8th Cir. 1967), 373 F.2d 835 and cases cited therein; Barnes v. United States, (9th Cir. 1956), 241 F.2d 252, 254; United States v. Miller (D.C.1967), 277 F.Supp. 200. The court may properly express an opinion, as it did, concerning the sufficiency of the evidence adduced by the Government. Its opinion as to what the evidence had demonstrated cannot be equated with bias. Even the expression of an opinion concerning the defendant's guilt by the court, if such could be inferred from the challenged proceedings, constitutes no showing that the defend-

ant was accorded an unfair trial. Prejudice or bent of mind may not be presumed or inferred from the subjective views of a judge. It must be clearly shown by trial conduct, and the defendant points to none. United States v. Bolden, (7th Cir. 1966), 355 F.2d 453, cert. den., 86 S.Ct. 1919, 384 U.S. 1012, 16 L.Ed.2d 1018; Kowalsky v. United States (5th Cir. 1961), 290 F.2d 161, cert. den., 368 U.S. 875, 82 S.Ct. 120, 7 L.Ed.2d 76; Enriquez v. United States (9th Cir. 1963), 314 F.2d 703. There are instances where the appearance of evil is to be condemned as well as evil itself. However, the defendant's contention of inferential prejudice is not one of them. In the case at bar both dangers to the defendant were avoided. The proceedings held in court chambers not only removed any risk of prejudice to the defendant but precluded any possibility thereof. The defendant may not be heard to complain that the court scrupulously preserved a fair trial before the jury by following the procedure that it did. Nor may the defendant be heard to complain that he was denied a fair trial because the Government counsel, dispelled of a mistaken belief, chose to follow the court's suggestion to place additional evidence before the jury.

 A distinction must be drawn between claimed bias or prejudice existing prior to trial and a like claim arising during trial. In the former instance a remedy is available to disqualify and excuse the trial judge. 28 U.S.C. § 144.[1] In the later instance, the remedy is ultimately for appellate cognizance.[2] In neither instance, however, may the matter be raised as a ground for new trial. United States v. Hoffa (D.C.1965), 247 F.Supp. 692. The issue before the court on defendant's motion for new trial is whether error was committed in the trial of the case. Defendant's inferential claim of prejudice and bias first asserted by him in his motion for new trial does not, as a matter of law, assert any ground for a new trial. Similarly, his motion does not raise any issue of fact to be decided by the court. His allegation of inferential prejudice and bias made after completion of trial and not reflected in any error made in the trial of the case cannot, as a matter of law, constitute a ground for new trial.

Bias or prejudice appearing during the course of the proceedings to render a judgment invalid is closely analogous to the sort of bias or prejudice, exhibited by the trial judge prior to trial, which would disqualify him from sitting in a judicial proceeding. Knapp v. Kinsey, supra. Common to both is a required showing that the bias or prejudice be personal. A claim of prejudice in the air is not sufficient. Defense counsel's claim of inferential prejudice where he seeks to give it a retroactive effect is an unwarranted attack on the court. Contra, State v. Nunes, supra. The remarks of Circuit Judge Frank of the Second Circuit are apropos. In re J. P. Linahan, Inc., 138 F.2d 650 he said:

"Democracy must, indeed, fail unless our courts try cases fairly, and there

1. "§ 144. Bias or prejudice of judge
"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a *personal bias or prejudice either against him or in favor of any adverse party*, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." (emphasis supplied). Other statutes applicable to the disqualification of judges are found at 28 U.S.C. §§ 47 and 455.

2. Knapp v. Kinsey (6th Cir. 1956), 232 F.2d 458; Whitaker v. McLean, 73 App.D.C. 259, 118 F.2d 596; Crowe v. DiManno (1st Cir. 1955) 225 F.2d 652, 659.

can be no fair trial before a judge lacking in impartiality and disinterestedness. If, however, 'bias' and 'partiality' be defined to mean the total absence of preconceptions in the mind of the judge, then no one has ever had a fair trial and no one ever will. The human mind, even at infancy, is no blank piece of paper. We are born with predispositions; and the process of education, formal and informal, creates attitudes in all men which affect them in judging situations, attitudes which precede reasoning in particular instances and which, therefore, by definition, are prejudices. Without acquired 'slants,' preconceptions, life could not go on. Every habit constitutes a pre-judgment; were those pre-judgments which we call habits absent in any person, were he obliged to treat every event as an unprecedented crisis presenting a wholly new problem he would go mad. Interests, points of view, preferences, are the essence of living. Only death yields complete dispassionateness, for such dispassionateness signifies utter indifference. * * * An 'open mind,' in the sense of a mind containing no preconceptions whatever, would be a mind incapable of learning anything, would be that of an utterly emotionless being, corresponding roughly to the psychiatrist's descriptions of the feeble-minded."

There are cases legion declaratory of the applicable federal law where bias or prejudice of a judge has been asserted. If defense counsel's argument were premised on sound reasoning it would mean that every remark, ruling, or action of the trial judge, not favorable to a criminal defendant, would be a basis for removing the judge from the conduct of the case. If such were the law, innumerable and intolerable interruptions of judicial proceedings could ensue with the result that no criminal case, or for that matter no litigation, would reach verdict and judgment. In Craven v. United States (1st Cir. 1927), 22 F.2d 605, a similar attack was made against the trial judge. The defendant contended that the trial judge during the conduct of the trial exhibited against him a personal bias and prejudice. There, unlike here, where no affidavit of prejudice and certificate of counsel have been filed, the defendant attempted to comply with the applicable statute. 28 U.S.C. § 144. The Court of Appeals for the 1st Circuit, finding no merit to the defendant's several contentions, among other matters said:

"At most, then, the affidavit charges a 'bias and prejudice,' grounded on the evidence produced in open court at the first trial, and on nothing else. We hold that such bias and prejudice (if these be appropriate terms for a well-grounded state of mind [Berger v. United States], 255 U.S. [22] 42, 41 S.Ct. [230] 236, 65 L.Ed. 481) is not personal; that it is judicial. 'Personal' is in contrast with judicial; it characterizes an attitude of extrajudicial origin, derived non coram judice. 'Personal' characterizes clearly the prejudgment guarded against. It is the significant word of the statute. It is the duty of a real judge to acquire views from evidence. The statute never contemplated crippling our courts by disqualifying a judge, solely on the basis of a bias (or state of mind, 255 U.S. 42, 41 S.Ct. 236, 65 L. Ed. 481) against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him. Any other construction would make the statute an intolerable obstruction to the efficient conduct of judicial proceedings, now none too speedy or effective." Id. at 607, 608.

In a civil antitrust action tried in this very court, a contention of bias and prejudice urged against the trial judge in the conduct of the trial proceedings was reviewed by the United States Supreme Court. Mr. Justice Douglas in speaking for the court gave renewed vitality to its prior holding in Berger v. United States, 255 U.S. 22, 34, 41 S.Ct. 230, 65 L.Ed. 481, 486. He said: "The alleged bias

and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., (1966), 86 S.Ct. 1698, 384 U.S. 563, 16 L.Ed.2d 778. In this court's opinion, the defendant has been scrupulously accorded every right to which he is lawfully entitled.

The defendant's motion for a new trial is hereby denied.