THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS L. RIVERA GUZMÁN, Defendant and Appellant.

No. CR-69-40.　　　Decided February 27, 1970.

*Héctor M. Martínez Colón* and *Jorge A. Velaro Grau* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Lydia Nieves Franqui, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted of driving under the influence of intoxicating liquor. The evidence for the prosecution consisted of the testimonies of policemen Benito Orlando and Pascual Cordero, who detained appellant when they noticed that he was zigzagging along the highway. The former testified that appellant was driving in a zigzag fashion, that when he was detained the latter could not take his billfold out of his pocket and that they had to help him

to get out of his vehicle. The latter testified that appellant smelled strongly of liquor, that he had to help him to alight from the vehicle, that he staggered and that he was unable to find his driver's license. Appellant testified at the trial that he had drunk three or four beers.

■ Appellant's position is that Orlando's testimony did not establish the offense, and that the prosecuting attorney having waived Cordero's testimony, because he understood that it was cumulative evidence, an error was committed when the court, motu proprio, with appellant's objection, called Cordero to testify.

■ We do not agree with appellant. The case law and the commentators are almost unanimous as to the fact that the courts have inherent power of their own accord to call witnesses, in addition to those which the parties choose to present, to testify at a trial. The function of the courts is to do justice and to do it they need to know as much as possible the truth of the facts. Defendants do not have a vested interest in the judge's ignorance of the facts. See *United States* v. *Ramos*, 291 F.Supp. 71, 74 (1968); *People* v. *Shelton*, 57 N.E.2d 473 (1944); *Young* v. *United States*, 107 F.2d 490 (1939); Anno.: *"Calling Witness by Courts,"* 67 A.L.R.2d 538; 2 Wharton, Criminal Evidence 717, 12th ed.; 9 Wigmore, On Evidence, § 2484, 3d ed.; McCormick, Handbook of the Law of Evidence 14 (1954); Note: *"Judge's Duty to Call Witnesses,"* 58 Yale L.J. 183. Said power is more evident in a case like the one at bar where one of the accusing witnesses is involved, which is already before and under the court's regulations.

The judgment rendered in this case on January 26, 1968 by the Superior Court, Ponce Part, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Santana Becerra concurs in the result without opinion.