262 A.2d 619.

STATE *vs.* ERNEST CORREIA.

MARCH 4, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This indictment for sodomy was tried to a Superior Court justice and a jury which returned a verdict of guilty. Thereafter, within the time provided by law, the defendant filed a motion for a new trial and, when this was denied, seasonably prosecuted a bill of exceptions which contains seven allegations of error, four of which were orally argued and briefed.

Additionally, although not set forth as error in his bill of exceptions, the defendant seeks to have his conviction set aside and a new trial granted on the ground that the trial justice so abused his discretion as to deprive the defendant of effective representation of counsel in violation

of Article VI of the amendments to the Constitution of the United States.

The ultimate facts are readily stated. Late in the fall of 1966, a then fourteen-year old boy, hereinafter referred to as complainant, accepted Saturday work as a delivery boy with defendant.

Sometime about the middle of January 1967, complainant told one of his teachers that he had been criminally assaulted by defendant on a Saturday sometime after Thanksgiving 1966. The teacher induced complainant to repeat the story to the latter's father, and all three then visited the police station where complainant repeated the story that he had given to both his father and teacher. In essence, complainant stated, and at trial testified, that on the Saturday afternoon in question defendant had driven him to the parking lot of the First National store on Pitman Street in Providence. There, according to complainant, he was forced into the back seat, his trousers pulled down, and defendant inserted his penis in complainant's anus having copulation until an orgasm was achieved.

At the police station, complainant was unable to fix the date of the alleged offense but did recall that it was on a Saturday one or two weeks after a holiday, which holiday complainant was positive was Thanksgiving. With the assistance of a calendar, Providence police detective Melvin Woodruff, to whom complainant told his story, succeeded in refreshing complainant's memory so as to establish the exact date as Saturday, December 3, 1966. The assault, again according to complainant, occurred at about five o'clock in the afternoon.

In any event, the grand jury returned an indictment charging that on December 3, 1966, defendant did have carnal copulation and penetration per anum with and upon the body of complainant in violation of G. L. 1956, chapter 10 of title 11.

At trial, complainant's testimony was essentially a repetition of the story he had told to his teacher, father and the police. However, in cross-examination he admitted that at some time during the short period that he had worked with defendant, the latter had taken him to view a parade in Providence. It was the thrust of defendant's cross-examination that the holiday which was the focal point of complainant's recollection of time could not, in light of the testimony concerning a parade, have been Thanksgiving. Rather, defendant sought to establish that the holiday was Columbus Day. The significance of this line of cross-examination stems from the date of Saturday, December 3, 1966, as being the day of the criminal assault alleged in the indictment.

The defendant took the stand for the limited purpose of establishing that he was financially unable to meet expenses which would be incurred in connection with calling certain witnesses whom he considered to be essential to his defense. At the conclusion of defendant's testimony in this regard, the trial justice granted his motion that the state furnish sufficient funds to subpoena said witnesses.

Two such witnesses were called for the ostensible purpose of furnishing defendant with an alibi for every Saturday afternoon after Thanksgiving in 1966. Both testified that as to these Saturdays, it was defendant's practice to visit a farm in Chepachet where horses were raised and trained.

Having thus summarized the pertinent evidence, we turn to a consideration of the exceptions contained in defendant's bill of exceptions and the contentions made in regard thereto.

During cross-examination of police detective Woodruff, counsel for defendant ascertained that, in addition to the initial report made out by the police at the time complainant was interrogated in connection with his complaint, a supplementary report, based on the information given by complainant, was prepared by officer Woodruff for use by

the grand jury. Asked where this supplementary report was, detective Woodruff replied "it is here." Counsel for defendant thereupon asked if he might be permitted to examine it. The state objected and was sustained by the trial justice. It is to this ruling that defendant took the first exception contained in his bill that is properly preserved.

Contending that the ruling in question constitutes prejudicial error, defendant relies on *Jencks* v. *United States,* 353 U. S. 657, 77 S.Ct. 1007, 1 L.Ed. 2d 1103; *People* v. *Silberstein,* 159 Cal. App. 2d Supp. 848, 323 P.2d 591; *State* v. *Deslovers,* 40 R. I. 89, 100 A. 64. In each of these cases, the papers or documents, which defense counsel was denied permission to inspect had been used by the prosecution's witness to refresh his recollection prior to testifying and, under the circumstances, the denial was held to be reversible error. An examination of the transcript in the case at bar, however, discloses that detective Woodruff was not asked whether, prior to his testifying, he had referred to the supplementary report for the purpose of refreshing his recollection. It is as equally probable that he had not as that he had. Speaking of the right of an accused to examine documents in the possession of the prosecution, this court in *State* v. *Bradshaw,* 101 R. I. 233, 221 A.2d 815, made clear that the right of a defendant to examine the papers or documents in the possession of the prosecution turned on the question of whether such documents or papers had been used by a witness to refresh his recollection prior to giving testimony without regard to the time when such papers or documents were so used.

Subsequent to *Bradshaw,* this court in *State* v. *Page,* 104 R. I. 323, 244 A.2d 258, held in substance that, absent a showing that the papers or documents demanded to be produced had been used by the witness to refresh his recollection, it was not error for the trial justice to refuse to order their production for inspection by the defense. In

the circumstance of the instant case, therefore, we are constrained to hold that the ruling of the trial justice in denying defendant's request does not constitute reversible error.

After the parties had rested, defendant moved for a directed verdict, and to the trial justice's denial of that motion exception was duly taken. In support of his contention that this ruling was prejudicial, defendant focuses our attention on a comment made by the trial justice in denying the motion for a directed verdict. The comment in question was to the effect that defendant's motion could not be granted if there were some evidence tending to establish every element of the offense charged. The defendant does not appear to take issue with the rule thus stated. Rather, he argues, as we understand him, that there was no evidence tending to prove that complainant's anus was actually penetrated by defendant.

This argument completely ignores complainant's own graphic testimony. It is true, as defendant argues, that a doctor who examined complainant some weeks after the alleged criminal assault testified that he could find no evidence of the penetration regarding which complainant testified. This argument, however, would have validity only if, in proving the element of pentration, the state were required to offer evidence corroborating that of complainant. The defendant points to no authority for such a proposition, nor has our independent research been any more availing.

The defendant's third preserved exception is to a portion of the trial justice's instructions to the jury. As heretofore set forth, the indictment charged defendant with having committed the offense in question on December 3, 1966. In his instructions to the jury, the trial justice stated:

"The indictment says that it happened on December 3, 1966. Now is that date so significant that if the proof shows that it may have happened on some other day, that the state's case fails? My answer to you is

'no'. Sodomy is not the type of crime where time is one of the essential elements, so that for your purposes, you should consider that the state accuses this defendant of having committed this crime on or about December 3, 1966. And if you come to the conclusion at the end of your deliberations that the state has proved that the defendant did commit the act upon this boy, but that it took place some time in November of 1966, I say to you that the state has proved its case."

The thrust of defendant's objection to this portion of the trial justice's charge is that it unduly stresses the evidence adduced by the state while minimizing, if not totally disregarding as lacking probative force, the testimony given by defendant's alibi witnesses. In advancing this contention, defendant invokes the holding of this court in *State* v. *Nunes,* 99 R. I. 1, 205 A.2d 24, that, where the record discloses that the trial justice who conducted the trial at which the accused was convicted was not reasonably free from bias, or stated affirmatively, was clearly prejudiced against defendant throughout the course of trial, the defendant has been denied the fundamental right to a fair trial.

We are in full accord with the principle enunciated and invoked in *Nunes,* but that case and the case at bar are so distinguishable on their facts as to make *Nunes* inapposite here. In *Nunes,* defendant was convicted of assault with intent to rape. The state thereupon moved to revoke bail and, in granting that motion, the trial justice stated that he was motivated by defendant's conduct on the day of the criminal assault for which defendant has just been convicted. Specifically, he stated,

"The evidence is clear before me and the jury has accepted as true he entered four or five homes in East Providence. I am fully aware of the fact that by some miscarriage of justice he was found not guilty of a charge of rape on the same day * * *."

Counsel for *Nunes* thereupon moved for a mistrial for disqualification, and in due course, a new trial. These mo-

tions were heard by the trial justice and denied, to which rulings exceptions were duly taken. A majority of this court concluded that, from the comment of the trial justice on the state's motion to revoke bail, he disclosed a prejudicial state of mind that must have existed during the course of trial.

Here, the trial justice recognized that the jury was confronted with December 3, 1966, as the date of the alleged offense according to the indictment, and that defendant's whereabouts on that date were the subject of conflicting testimony. It was the trial justice's duty to charge on the applicable law if the jury were to find that the evidence convinced them beyond a reasonable doubt that defendant was guilty of a criminal assault on complainant, but less certain as to the particular Saturday on which the offense occurred.

It is his charge with respect to this aspect of the case then that must be examined for error if any. The defendant cites no authority for the proposition that the portion of the instructions to the jury to which he objected amounted to an incorrect statement of the applicable law. This is not surprising since we doubt that any such authority could be found. In *State* v. *Johnson*, 20 N. J. Super. 93, 89 A.2d 482, where defendant was convicted of sodomy and the trial justice's instructions to the jury were quite similar to the challenged instructions in the case at bar, the New Jersey Court held:

> "Time is not a legal constituent of the offense here charged. In the language of the *Yanetti* case, sodomy is a crime whenever committed. The State was not conclusively bound to the date specified in the indictment; it could have offered proof from which the jury might have inferred that the offense was committed on any day within the period not covered by the statute of limitations." *Id*. at 96, 89 A.2d at 483.

We entertain no doubt as to the soundness of the rule

thus stated in *Johnson* and, consequently, hold that the instant defendant's exception taken to the challenged instructions is without merit.

Nor is there merit to defendant's final exception, that which was taken to the denial of his motion for a new trial. In *State* v. *Contreras*, 105 R. I. 523, 253 A.2d 612, adhering to a long line of decisions regarding the burden of an appellant seeking to set aside the decision of a trial justice denying a new trial motion, this court succinctly stated the rule as follows:

> "That approval will not be disturbed by us unless it is shown either that it is clearly wrong or that the trial justice in reviewing the evidence overlooked or misconceived some which was relevant or material on a controlling issue."

In his oral argument and brief, the instant defendant frankly acknowledges such to be the rule, but contends, in essence, that the trial justice both misconceived and overlooked material evidence in that he gave full credence to complainant's testimony while rejecting that of one of defendant's alibi witnesses and totally ignoring that of the other. Such contention is utterly unavailing. It is for the trial justice, in passing on the new trial motion, to exercise his independent judgment as to the credibility of the several witnesses and, consequently, the weight to be given to their respective testimony.

Here, the trial justice expressly found complainant to be a credible witness in relating details of the offense of which he complained, doing so in a straightforward manner. It is true that the trial justice, in commenting on complainant's testimony, suggested that the boy may have been confused as to the exact Saturday, but, in minimizing this portion of complainant's testimony, the trial justice followed the law that he gave to the jury. With regard to defendant's alibi witnesses, the trial justice makes clear that he discredited one and, in so doing, properly gave no weight to

the testimony thus discredited. As to the testimony of defendant's other alibi witness, not referred to by the trial justice, a circumstance contended by defendant as constituting the overlooking of material evidence, it is only necessary to point out that, where the trier of fact expressly accepts the testimony of a witness, which testimony is in conflict with that of another, the acceptance of the one is an implied rejection of the other. *Flynn* v. *Pearce,* 106 R. I. 323, 259 A.2d 401. He is not required to refer to all the evidence. It is sufficient if, in pointing to the evidence on which he does rely, it is clear that conflicting evidence is rejected. *DiMaio* v. *Del Sesto,* 102 R. I. 116, 228 A.2d 861.

All of defendant's exceptions being overruled, we turn to a consideration of his further contention that, although not raised by his bill of exceptions, there is a ground of constitutional proportion which requires this court to set aside defendant's conviction and remit the case to the Superior Court for a new trial. It is fundamental in this jurisdiction that appellate review by way of a bill of exceptions is, absent extraordinary circumstances, limited to those allegations of error raised on the record in the trial court. *Spouting Rock Beach Ass'n* v. *Garcia,* 104 R. I. 451, 244 A.2d 871.

However, although not cited in his brief, it is clear that defendant, in seeking review of a ruling in the trial court to which no exception was taken, is relying on *State* v. *Quattrocchi,* 103 R. I. 115, 235 A.2d 99. There, we held that we would not hold a defendant to strict procedural requirements where insistence would deprive a defendant of his constitutional protections.

This brings us then to a consideration of the circumstances regarding which the instant defendant claims a violation of his constitutional right to the effective assistance of counsel. On the day that the defendant went to trial, namely May 23, 1968, his counsel represented to the court that, from the day he became counsel of record, namely February 5, 1968, he had been unable to confer with his

client, and moved that he be permitted to withdraw as counsel of record. The transcript establishes that, in considering counsel's motion, the trial justice listened to counsel for defendant, counsel for the state, as well as to defendant. It appears from the statements made by all parties that the indictment was returned in May 1967, at which time defendant was represented by another attorney; that this attorney was subsequenly permitted to withdraw his appearance for lack of defendant's cooperation; that present trial counsel made repeated efforts to confer with defendant but was unable to determine his whereabouts; and that defendant, while free on bail, had failed to appear in court on two previous occasions, thereby causing his bail to be defaulted and a capias issued. It is a fair inference that, except for having been taken into custody by reason of said capias, defendant would not have been present in court on the day the case went to trial.

The trial justice, in light of these circumstances, concluded inferentially that the lack of preparation for trial was of defendant's making, and he denied counsel's motion to withdraw. To this ruling, counsel stated that he would accept the judgment of the court. It is defendant's contention that, having been thus forced to trial without prior consultation with his attorney, he was deprived the effective representation of counsel guaranteed by Article VI of amendments to the Constitution of the United States. In support thereof he cites *Twiford* v. *Peyton* (Va.), 372 F.2d 670 and *Williams* v. *Brierly*, (U.S.D.C., Pa.), 4 Crim. L. Reptr. 2078.

An examination of these cases discloses that the accused in each instance was forced to trial, represented by counsel appointed by the court on the day of trial in one instance and the day before in the other. The lack of communication between counsel and client, which in post-conviction proceeding was demonstrated to have deprived defendants

of effective representation, were circumstances which defendants, in the cases relied on, were without power to control. Such is not the circumstance here. We think it clear that an accused may not deliberately obstruct the course of justice by making himself unavailable to his attorney and subsequently claim that he cannot be required to go to trial by reason of inadequate preparation. See *Trombley* v. *Langlois,* 91 R. I. 328, 163 A.2d 25, where this court held that defendant's voluntary absenting himself during the course of trial constituted a waiver of his constitutional right to be confronted by his accusers at all stages of trial.

Furthermore, the instant defendant points to nothing in the conduct of the trial by his attorney that would so much as suggest that he was deprived the assistance of effective representation. Indeed, from an examination of the record, it appears that defendant was skillfully and effectively represented, and at no point in the trial did a situation arise from which it could be inferred that there is any merit to defendant's claim of an abridgment of his sixth amendment rights.

All of the defendant's contentions as to reversible error at trial being without merit, the case is remitted to the Superior Court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*James Cardono,* Public Defender, *Benedetto A. Cerilli, Jr.,* Special Counsel to the Public Defender, for defendant.